FRANCES WOLCOTT, ADMINISTRATRIX OF THE ESTATE OF PHINEAS ASA WOLCOTT, DECEASED, APPELLANT, V. ROYAL DRAKE, APPELLEE.

75 N. W. 2d 107

Filed February 24, 1956. No. 33853.

*Torgeson, Halcomb & O'Brien* and *John D. Knapp,* for appellant.

*Van Steenberg & Myers,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages based on negligence arising from an automobile collision causing the death of Phineas Asa Wolcott. Plaintiff seeks recovery for the exclusive benefit of the widow and next of kin. The collision involved an automobile driven by the deceased and one driven by the defendant. Issues were made and trial was had. At the close of all the evidence the trial court sustained a motion to dismiss, based on the insufficiency of plaintiff's evidence. Plaintiff appeals.

We affirm the judgment of the trial court.

Plaintiff alleged her version of the accident and pleaded that it was caused by defendant's negligence in many particulars. Defendant pleaded his version of the accident, denied negligence, and pleaded contributory negligence in many particulars.

We state the evidence as it relates to the question of defendant's negligence.

U. S. Highway No. 30 is a main-traveled paved two-

lane highway leading west from Kimball, Nebraska. Shortly before 8 o'clock on the morning of July 12, 1952, deceased was driving west along that highway. Defendant was driving east along that highway. About 2 miles west of Kimball there is a graveled road leading south from U. S. Highway No. 30. The collision occurred at that intersection. Plaintiff offered evidence as to the location of the graveled road.

Plaintiff's evidence does not show the actual collision of the cars. It consisted of the evidence of a deputy sheriff, supported by photographs, that immediately after the accident, the two cars were on the east side of the graveled road and south of the paved portion of U. S. Highway No. 30. It showed that defendant's car was damaged as though by a direct head-on collision with some object, with the left front headlight broken and the right front headlight not broken. It showed skid marks leading from the west. These marks were 54 feet in length to a point where they "changed directions," and then skid marks from that point to the two cars. The skid marks angled off the "oil" approximately 20 feet to the point where there was a change of direction. The distance of that point from the pavement is not shown. The evidence showed that there was clear visibility along the highway for three-tenths of a mile west of the point of the accident.

Plaintiff's evidence shows also that the deceased was seriously injured in the accident and died thereafter on July 22, 1952.

Plaintiff then rested her case-in-chief.

Defendant moved for a directed verdict which was overruled. Defendant then took the stand to testify in his own behalf.

He testified to events prior to the accident and that he was involved in an accident on July 12, 1952, 2 miles west of Kimball "on a driveway leading to the south." He then undertook to further testify as to the accident. Objections to his competency were made apparently

under the provisions of section 25-1202, R. R. S. 1943, the so-called "dead man statute." The trial court sustained objections to the testimony and an offer of proof. Defendant having prevailed, that ruling is not here for review.

Defendant then called a witness who was riding with him. He testified that defendant's speed was 45 to 50 miles per hour prior to the accident; that defendant was driving on the right-hand side of the highway going east; that prior to the accident there were several cars visible to the east and going west; that they were passing each other by going into the south lane and then back into the north lane; that cars so traveling passed the deceased's car (although the witness did not then know' whose car it was); and that the last one so passing turned back into the west-bound lane some 10 to 15 yards east of the graveled road.

He testified that prior to, but not at the time of, the accident he had been working with some wiring under the dashboard of defendant's car. He testified that he heard defendant yell, heard the screeching of the tires, saw a green object in front of them, and that there then followed a crash. He testified that defendant's car went 15 feet after the impact; and that it hit deceased's car on the rear wheel and turned it around so that it stopped headed north. Deceased was assisted from his car and sat on the running board. Deceased said, "I would have never turned if I had seen you."

After both parties had rested, defendant renewed his motion for a dismissal, which the trial court sustained.

Plaintiff here grants the rule that the burden of proving negligence is on the party alleging it. Ulrich v. Batchelder, 143 Neb. 697, 10 N. W. 2d 637, and cases there cited. Plaintiff contends that she met that burden of proving negligence on the part of the defendant by a presumption of due care on the part of the plaintiff's decedent and by the photographs and testimony of the

deputy sheriff as to appearance, location, direction, measurement, etc., of the skid marks.

Plaintiff relies on the rule as stated in Anderson v. Nincehelser, 152 Neb. 857, 43 N. W. 2d 182, as follows: "Where there is no eyewitness, no direct evidence of the accident causing the injury, the facts and circumstances may be proved by circumstantial evidence, and the presumption is raised by the instinct of self-preservation on behalf of the deceased that he was not guilty of contributory negligence, but was in the exercise of due care and caution for his own safety, unless the contrary is shown."

Plaintiff produced no eyewitness. She contends that defendant's witness who was riding with him was not an eyewitness. Concededly he did not testify with the accuracy as to detail or attention that might have been expected of a witness who realized an impending accident or who was a "right seat" driver. He did, however, testify as above recited. We need not determine that contention.

Plaintiff argues that under the above rule the presumption of due care makes a prima facie case of negligence. She misreads the rule.

Here plaintiff had the burden of proving defendant's negligence. The defendant had the burden of proving his defense of contributory negligence of the plaintiff's decedent under the rule that: "If defendant pleads that the plaintiff was guilty of contributory negligence, the burden is upon him to prove that defense and this burden does not shift during the trial. However, if the evidence adduced by the plaintiff tends to prove that issue, the defendant is entitled to receive the benefit thereof * * *." Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820.

Plaintiff in effect argues that a presumption of negligence arises against the defendant because of a presumption of due care on the part of the deceased.

The Supreme Court of the United States in Looney

v. Metropolitan R. R. Co., 200 U. S. 480, 26 S. Ct. 303, 50 L. Ed. 564, has given the obvious answer to this contention: "A plaintiff in the first instance must show negligence on the part of the defendant. Having done this, he need not go farther in those jurisdictions where the burden of proof is on the defendant to show contributory negligence. In other words, if there is no evidence which speaks one way or the other with reference to contributory negligence of the person killed, then it is presumed that there was no such negligence. Thompson on the Law of Negligence, sec. 401; Baltimore & Potomac R. R. Company v. Landrigan, 191 U. S. 461; Texas & Pacific Railway Company v. Gentry, 163 U. S. 353. But the negligence of a defendant cannot be inferred from a presumption of care on the part of the person killed. A presumption in the performance of duty attends the defendant as well as the person killed. It must be overcome by direct evidence. One presumption cannot be built upon another. Douglass v. Mitchell, 35 Pa. St. 440; Philadelphia &c. Railway Company v. Henrice, 92 Pa. St. 431; Yarnell v. Kansas City &c. Railroad Company, 113 Missouri, 570."

The question is: Does the evidence present a jury question as to whether or not defendant was negligent?

Three basic rules are applicable. They are: "Negligence is not presumed; the mere happening of an accident does not prove negligence.

"The burden of proving a cause of action is not sustained by evidence from which negligence can only be surmised or conjectured.

"It is essential to the existence of negligence that there be some fault on the part of the person sought to be held liable." Schroeder v. Sharp, 153 Neb. 73, 43 N. W. 2d 572.

We consider the evidence in the light of the established and often repeated rule that in determining a motion for a dismissal of a directed verdict, the party against whom the motion is directed is entitled to have every

controverted fact resolved in his favor and to have the benefit of every inference that can be reasonably deduced from the evidence.

Deceased is shown to have been driving west along the north lane of travel at a reasonable rate of speed. Other cars passed him and there is no claim that any of the west-bound cars that did so were driving at an excessive rate of speed. The last of the cars to pass deceased did so just before he made the left-hand turn to go south across the east-bound lane of travel. Deceased drove his car across the east-bound lane and his car was on the graveled portion of the road leading to the north-and-south road when his car was struck by the car driven by the defendant.

The defendant was driving east prior to the accident on his proper side of the highway at a speed of 45 to 50 miles per hour. Defendant put on his brakes and skidded 54 feet before the impact. At least 54 feet before the impact defendant had turned his car at an angle and had driven slightly to the southeast and was moving in that direction when the cars collided.

Plaintiff contends that the evidence shows "how, where and why" the deceased was killed.

There is ample evidence as to where the impact occurred that caused deceased's injuries and death. Relating the "how" and "why" to the question of negligence, there is, as to that, a complete void in the evidence. Any conclusion as to the defendant's negligence is entirely within the area of surmise and conjecture. All the evidence shows is that an accident happened and where it happened.

Plaintiff alleged that defendant was negligent in failing to stop before the impact; that he failed to have his car under control and to operate it at a reasonable rate of speed; that he failed to observe, consider, and anticipate that others might be using the highway; that he failed to observe automobiles using the highway; that he drove his car off the highway and onto the roadway

where deceased had already driven his car; and that he failed to keep a proper lookout.

We are unable to determine upon which of these alleged acts of negligence plaintiff relies, save as noted at the conclusion of this opinion.

Plaintiff asserts defendant was negligent and that a jury question was presented. The rule is: "Negligence is the doing of something which an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to do something which an ordinarily prudent person would have done under the same or similar circumstances." Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710.

We find no evidence in this record from which a jury could apply the tests of the standard rule.

Plaintiff relies here on Bielinski v. Colwell, 242 Minn. 338, 65 N. W. 2d 113. She quotes from that part of the opinion dealing with a question of contributory negligence. That accident happened when plaintiff's decedent was making a left-hand turn on a highway so as to enter an intersecting road. The issue of contributory negligence turned on the question of whether defendant's decedent was so near the intersection as to constitute an "immediate hazard" when plaintiff's decedent made the left-hand turn. The court held that to be a jury question under the facts there. The issue of negligence of defendant's decedent which the court held was for the jury, turned on a question of speed of the car of defendant's decedent.

There the state law fixed a speed limit of 50 miles per hour. Here the "prima facie lawful" speed limit was 60 miles per hour. § 39-7,108, R. R. S. 1943. Here there is no evidence showing that defendant was exceeding this speed. There the defendant's car skidded for 100 feet before the impact. There was evidence that 50 feet before the impact (which was 50 feet after the brakes were applied) defendant's car was traveling "at least 50 miles per hour." There the court cited the distance of

the skidding to fix the rate of speed after the brakes had been applied sufficient to sustain a finding of a greater rate of speed prior thereto. It then referred to a defendant's witness who fixed a speed rate of 40 miles per hour 25 feet from the impact as indicative of a greater speed prior thereto. There is no such evidence in the case before us.

There the court referred to the fact that the car of plaintiff's decedent was pushed back in the direction in which it had traveled 134 feet while the car of defendant's decedent continued 81 feet. The court cited this evidence as lending support "to a finding that defendant's truck must have been traveling at an excessive rate of speed * * *." Here the evidence is that both the car of plaintiff's decedent and defendant's car remained on or just off the highway in the immediate vicinity of the point of impact.

Plaintiff refers to the provision in section 39-7,108, R. R. S. 1943, that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

It is pointed out in the Bielinski v. Colwell case, *supra,* that Minnesota's statute requires that speed be reduced when special hazards exist with respect to traffic or by reasons of weather or highway conditions. The accident there happened at night when it was raining and misty, and the pavement was wet and slippery. The court there held that the weather conditions created a special hazard that could be sufficient to sustain a finding of negligence for failure to drive at a lesser speed. Those conditions did not exist here. It does appear here that there was other traffic on the highway, that cars were meeting, overtaking, and passing each other. That is a normal condition on our highways. In and of itself it does not establish either a special hazard or require a reduced speed.

Plaintiff in discussing "excessive speed" in her reply brief contends that the above quote from section 39-

7,108, R. R. S. 1943, is the basic speed rule and that the evidence *"indicates* that appellee *either* failed to observe this basic speed rule, failed to keep a proper lookout, failed to keep his automobile under control, *or that his automobile was equipped with faulty brakes or with a faulty steering mechanism."* (Emphasis supplied.)

We have emphasized the last two clauses above because they relate to claimed negligence that has no support whatever in this evidence. It indicates the extent to which surmise and conjecture enters into plaintiff's contentions.

We find nothing in the Minnesota case to sustain plaintiff's contentions.

The judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., participating on briefs.