F. E. IRELAND, APPELLANT, v. GEORGE J. STALBAUM ET AL., APPELLEES.

77 N. W. 2d 155

Filed May 18, 1956. No. 33918.

*John H. Keriakedes,* for appellants.

*Leo M. Bayer,* for appellee Abegg.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action as commenced was one for damages by F. E. Ireland, plaintiff, against George J. Stalbaum and William David Abegg, defendants. Service of process was not had upon Stalbaum, hence the action proceeded with Ireland as plaintiff and Abegg as defendant. Originally the action was in two causes of action, the first for damages to a truck and semi-trailer belonging to the plaintiff and the second for loss of use of the truck and trailer. The second cause of action was removed from consideration of the jury by the trial court. The propriety of the removal of this cause of action is not presented here for consideration. The appeal here therefore relates alone to the first cause of action.

The case was tried to a jury. The jury returned a

verdict in favor of the plaintiff for $1,853.66. Judgment was rendered on the verdict. The judgment does not appear in the transcript but by recital in the order granting a new trial it appears that one was rendered. Thereafter Abegg, who will be hereinafter referred to as the defendant, filed a motion for new trial. This motion was sustained and the defendant was granted a new trial. From the order granting a new trial the plaintiff has appealed.

The motion for new trial contains numerous assignments of error. The order of the trial court sustaining the motion contains no specifications of reason or reasons for the action.

In this light it ordinarily would become necessary to examine the entire record to ascertain whether or not the action of the trial court in granting a new trial finds justification. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

In the light of the manner, however, in which the parties have presented this case to the court this does not become necessary. They have limited consideration to one proposition as will hereinafter appear.

As pointed out this is an action for damages wherein the plaintiff charged that his truck and semi-trailer were damaged on account of negligence of the defendant. The defendant denied that he was guilty of negligence and affirmatively charged that plaintiff was guilty of contributory negligence.

The case was tried upon these theories, which theories were fully submitted by the charge to the jury. On this appeal there is no contention by either party that there was anything erroneous in the charge.

On the trial of the case the plaintiff adduced a considerable amount of evidence by witnesses as to the physical injury to his equipment. Also introduced in evidence were a number of photographs disclosing to the jury the appearance of the equipment after the occurrence.

No witness was called by either party as to the amount of the damage in dollars and cents, or the cost of repair. The evidence in this respect was by stipulation.

The stipulation was as follows:

"MR. KERIAKEDES: It is stipulated and agreed by and between the parties that the service manager of the Denver Branch of the White Motor Company if present would testify that it required the sum of $2,570.37 in labor and parts to restore the White tractor involved herein to its condition as nearly as possible prior to the accident; that said witness would further testify that he is familiar with the fair and reasonable charges for work of that kind, and that said charge was the fair and reasonable charge.

"It is further stipulated and agreed by and between the parties that the service manager for the Tempte Brothers Company would testify that the fair and reasonable cost of restoring the trailer involved herein to as nearly as possible the condition it was in prior to the accident involved herein is $349.07; and that said witness would further testify that he was familiar with the fair and reasonable charges for such items of labor and material and that said charges were the fair and reasonable charges for such work.

"MR. BAYER: So stipulated."

It is to be observed that the total was $2,919.44 and it is further to be observed that the parties did not stipulate that the amount was the cost of repair but only that the witness if called would so testify.

The theory upon which the parties assume that the court granted a new trial is that the stipulated evidence indicated conclusively the amount of the damage; that since the jury returned a verdict for only $1,853.66 it became likewise conclusive that the jury found that the plaintiff was guilty of contributory negligence which accounted for the difference between the two amounts; and that this being true it became necessary to say in the light of this large variance between

the damage and the verdict that the contributory negligence was more than slight, or more than slight by comparison with that of the defendant which was gross within the meaning of the comparative negligence law, in consequence of which no verdict and judgment could be sustained in favor of plaintiff. If, of course, it is true that the evidence did disclose as a matter of law that the plaintiff was guilty of negligence which was slight and that of the defendant was less than gross, or more than slight by comparison with that of the defendant which was gross, he could not be allowed to recover. See Hickman v. Parks Construction Co., 162 Neb. 461, 76 N. W. 2d 403.

The basis of the plaintiff's appeal is that this assumption is invalid, in consequence of which the court erred in granting a new trial. This is the only question presented.

It is of course a sound and basic principle that where the parties have stipulated to the existence of a fact or the truth of testimony, the stipulation to the extent that it has been made is binding upon the parties, the jury, and the court. 83 C. J. S., Stipulations, § 23 (b), p. 51.

It however is not true that where a stipulation has been entered into that a witness or witnesses if called would give testimony of a particular kind or character or in a particular manner that such evidence is necessarily binding upon the triers of the facts. 83 C. J. S., Stipulations, § 23 (f), p. 54; 50 Am. Jur., Stipulations, § 16, p. 616; Goess v. Lucinda Shops, Inc., 93 F. 2d 449, 115 A. L. R. 264; Hutcheson v. Savings Bank, 129 Va. 281, 105 S. E. 677. Such a stipulation leaves a jury free to consider its weight and credibility the same as any other evidence adduced on the trial of the case.

In this case, as pointed out, there was evidence of damage other than that contained in the stipulation. This consisted of photographs and testimony as to

physical injury. Under the rules stated the jury had the right to consider this evidence along with the evidence contained in the stipulation and in the light of all of it determine for itself the true amount of plaintiff's damages.

In this light the jury with perfect propriety and in valid performance of its function could have arrived at $1,853.66 as the true and full amount of plaintiff's damage. If it did so, it performed its duty as that duty was outlined in the instructions. Again if it did so it must be said that the verdict was valid.

To say that the jury did otherwise would be to say on conjecture and speculation alone that it failed to perform its proper duty as outlined in the instructions. Verdicts of juries may not thus be impeached.

The correct rule to be applied in situations such as this is that a general verdict will not be vacated on the ground of irregularity if a construction is possible which will make it effective rather than void. It will be declared void only where it is so uncertain that it cannot be clearly ascertained what, if any, issues were passed upon by the jury. Abrams v. Lange, 158 Neb. 512, 63 N. W. 2d 781. See, also, Myers v. Platte Valley Public Power & Irr. Dist., 159 Neb. 493, 67 N. W. 2d 739.

The rule applied to this case, instead of making it necessary to declare the verdict invalid, requires only that it be said that the jury in the performance of its functions under its instructions evidently found that plaintiff's total damage was $1,853.66.

Accordingly the court erred in granting a new trial. The order setting aside the verdict and judgment is reversed and the cause remanded with directions to reinstate the judgment which was set aside.

REVERSED AND REMANDED WITH DIRECTIONS.