WATSON BROS. TRANSPORTATION CO., A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. KENNETH JACOBSON ET AL., APPELLEES AND CROSS-APPELLANTS.

97 N. W. 2d 521

Filed July 3, 1959. No. 34603.

*Archibald J. Weaver* and *Bayard T. Clark,* for appellant.

*Frank A. Hebenstreit,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Richardson County. The action appealed was commenced in the district court for Richardson County by Watson Bros. Transportation Co., a Nebraska corporation with its principal place of business in Omaha, Nebraska. Its purpose is for the recovery of damages suffered by one of its trucking units, consisting of a tractor and semi-trailer, and the loss of the use thereof, which damage and loss of use resulted from the trucking unit being involved in an accident with a car driven by the defendant Kenneth Jacobson but which was owned by his father, the defendant Dr. Leo Jacobson. We shall hereinafter refer to this trucking unit as a truck. The defendants filed a cross-petition whereby they sought to recover from the plaintiff for the damage suffered by the father's car in this same accident. The jury found for the defendants on plaintiff's petition and for the plaintiff on defendants' cross-petition; that is, that neither party was entitled to recover on their respective causes of action. Judgment was entered accordingly. Plaintiff filed a motion for new trial and has perfected this appeal from the overruling thereof. Defendants have cross-appealed.

The accident in which the truck and car were both badly damaged occurred about 3:45 p. m. on June 24, 1957, on a bridge running north and south across the north fork of the Nemaha River in Richardson County. The bridge is located on U. S. Highway No. 75 south of

Dawson, Nebraska. It is a standard 20-foot bridge that is 220 feet long. The day was clear and hot. The driving surface of both the highway and bridge was black-top or oil-mat.

James Hammers, an employee of the appellant, was driving its truck north along U. S. Highway No. 75. He was hauling a load of frozen eggs from Topeka, Kansas, to Omaha, Nebraska. Appellee Kenneth Jacobson was driving his father's car, a 1957 four-door Buick sedan, south along U. S. Highway No. 75 from Sioux City, Iowa, to Pittsburg, Kansas, where he was to meet his parents.

The approaches to the bridge on which the accident occurred are both slightly down grade and around a curve although each approach, just before it enters the bridge, straightens out. The impact between the car and truck occurred just east of the double line running along the center of the black-top surface of the bridge and some 12 feet south of the north end thereof. The left front of the car came in contact with the left rear of the tractor, which is 7 feet 3 inches wide, whereas the semitrailer was 8 feet wide. After the accident the car remained standing upright on the bridge but at an angle, the front being just across the double center line located thereon while the rear was to the northwest and close to, if not against, the west bannister. The impact of the car and truck knocked the tandem drive axle of the tractor loose and caused it to drop to the pavement. It also caused a break in the air lines so that the brakes on both the tractor and semitrailer no longer operated. After the impact the truck, being out of control, continued toward the north some 290 feet where it entered the ditch on the lefthand (west) side of the road and upset.

The foregoing is a general statement of when and where the accident occurred. We shall discuss in detail the evidence as to the operation of the truck and car by the respective drivers thereof in connection

with the parties' assignments of error. It should be remembered, in considering the evidence adduced by both sides, that: "In a case where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof, when one is compared with the other, such issues must be submitted to a jury." Dryer v. Malm, 163 Neb. 72, 77 N. W. 2d 804.

Appellant contends the trial court prejudicially erred in admitting appellees' exhibit No. 11 over its objection. "Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party." Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497. See, also, Dixon v. Coffey, 161 Neb. 487, 73 N. W. 2d 660.

Exhibit No. 11 is a picture taken of and showing the bridge on which the accident occurred and the approaches thereto on U. S. Highway No. 75 from both the north and south. It was taken from a point on U. S. Highway No. 75 some 300 feet south of the bridge. There are several other pictures in the record covering this same area, some of which were taken from points various distances north of the bridge while others were taken from points various distances south of the bridge. However, in addition to showing the bridge and the approaches thereto, exhibit No. 11 shows a truck just about to enter onto the bridge from the south.

"The proof in a trial of a jury case must be confined to legal evidence tending to prove or disprove an issue made by the pleadings and the admission of improper evidence is prejudicial if it may have influenced the verdict." Higgins v. Loup River Public Power Dist., 159 Neb. 549, 68 N. W. 2d 170. See, also, Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141; State v. County of Cheyenne, 157 Neb. 533, 60 N. W. 2d 593.

In offering exhibit No. 11 counsel for the appellees stated: "We offer it in evidence for the sole purpose of showing the approaches from both the north and the south to the bridge and, specifically, state that the truck entering the south part of the bridge is not the Watson Brothers truck in question here, and it's not offered for the purpose of showing that this truck is a Watson Brothers truck, or, the truck entering on the date of the accident." Counsel for appellant objected thereto as follows: "Plaintiff objects to the introduction of Exhibit No. 11 for the reason there are already adequate photographs in evidence here to show the approaches to this bridge—both from the north and from the south—and that the introduction of a picture or photograph showing a picture of a truck crossing that bridge does not tend to prove or disprove any of the issues in this lawsuit, and is incompetent, irrelevant and immaterial." The trial court ruled as follows: "Overruled, I think we'll receive Exhibit No. 11 in evidence, with the exception that you will pay no attention to the truck that is in this picture, picture No. 11."

Exhibit No. 11, as offered and received, is only cumulative of other evidence adduced and the trial court, in its discretion, could have properly sustained the objections made thereto on that basis. However, its refusal to do so was not error. In view of appellee Kenneth Jacobson's testimony as to where he first saw the truck involved in the accident as it approached the bridge from the south we think the court would have been justified in admitting the exhibit in evidence even if it had been offered with no limitations attached. We find appellant's contention as to exhibit No. 11 to be without merit.

Appellant questions the sufficiency of the pleadings and the evidence adduced to justify the trial court's submission of the "Emergency Doctrine" as it did by its instructions Nos. 3 and 13. It contends that neither the

pleadings nor the evidence justified the instructions given by the court in relation thereto.

"In the realm of negligence cases, an emergency has become the basis for a rule of law which is dependent for application upon two factual elements. This court has held that: 'Where one driving an automobile is suddenly confronted by an emergency, requiring instant decision, he is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong.' * * * However, the above rule cannot be successfully invoked by either party in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it." Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491. "The emergency rule cannot be successfully invoked by either party in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it." Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112.

Appellees, both in their amended answer and cross-petition, alleged to the effect that when appellee Kenneth Jacobson was at a point just north of the bridge that the appellant's truck was approaching said bridge from the south and as it proceeded onto the bridge the truck was swinging back and forth on both sides of the highway. The bridge, as already stated, was 20 feet wide and 220 feet long, the accident occurring near the north end thereof. There was evidence adduced to the effect that appellee Kenneth Jacobson, who had never been over this road before, first saw the bridge as he was coming out of the curve north of the bridge and entering the straight of way approaching it; that he

was then going 40 miles an hour; that as he was straightening out onto the straight of way, at a point some 200 feet north of the bridge, he first saw appellant's truck coming off of the grade south of the bridge and onto the bridge; that the truck was coming down the center of the highway but swaying back and forth with the semitrailer zigzagging across the center line; and that it continued to do so as it entered onto the bridge, when it seemed to accelerate its speed.

" 'The trial judge's statement of the issues to the jury should state the issues as the case is being finally presented to the jury on the pleadings and the evidence adduced.' * * * And, 'It is reversible error to instruct the jury upon a question not raised by the pleadings nor applicable to the evidence, when such instructions have a tendency to mislead the jury or have a prejudicial effect upon the party complaining.' "  Chard v. New York Life Ins. Co., 145 Neb. 429, 16 N. W. 2d 858.

Under the pleadings and the evidence adduced we think the question of whether or not appellee Kenneth Jacobson was, under the circumstances as hereinbefore set forth, confronted with a sudden emergency was a question for the jury and an issue which the trial court was, under the circumstances, correct in submitting.

Appellant goes on to say that:   Should the court be of the opinion that the trial court was justified in giving instructions No. 3 and No. 13, then it is submitted that the trial court should have gone further and instructed the jury that if the jury found that the negligence of the defendant caused the events which gave rise to the emergency, it should nevertheless find and hold the defendants liable for all of the consequences resulting from the original negligence of the defendants.   For the purpose of disposing of this issue it is necessary to set out instruction No. 13.   It is as follows:   "You are further instructed that where the operator of a motor vehicle by a sudden emergency *not due to his own negligence* is placed in a position of immediate danger, and has in-

sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required under ordinary circumstances, and if he pursues a course of action to avoid an accident, such as a person of ordinary care and prudence placed in a like position might choose, he is not guilty of negligence, even though he did not adopt the wisest choice. *So, you will consider the foregoing rule, along with other instructions, and determine whether under the evidence and the conditions then existing such driver used ordinary care.*" (Emphasis ours.)

In Hughes v. Omaha & C. B. St. Ry. Co., 143 Neb. 47, 8 N. W. 2d 509, we said: "* * * the rule of sudden emergency cannot be successfully invoked by one who has brought that emergency upon himself by his own acts, * * *." And in McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384, we said: "The more general application of the emergency rule is that of an ancillary yardstick tempering the standard rule of due care. * * * an essential element of the rule is that the party claiming the benefit of it must not by his own negligence have created or contributed to create the emergency. * * * 1 Blashfield, Cyc. of Automobile Law and Practice (Perm. ed.) 480, sec. 669, states the qualification thus: 'The rule of sudden emergency as above stated cannot be invoked by one who has brought that emergency upon himself by his own wrong or who has not used due care to avoid it.' This qualification should be included in the statement of the rule." The foregoing qualification was included in the statement of the rule as submitted to the jury by the trial court's instruction No. 13. If the jury found no sudden emergency existed, or if it did and it was due to the conduct of appellee Kenneth Jacobson and that the sudden emergency rule had no application, then the other instructions given by the court and referred to in instruction No. 13, fully covered the rights of both appellant and appellees. They submitted appellant's right

to recover on its cause of action as stated in its amended petition and did the same as to appellees on the rights they claimed under their cross-petition, together with the question of contributory negligence as it related thereto. We think the question of a sudden emergency, as it related to appellee Kenneth Jacobson, was properly submitted. In this regard it should be stated that his negligence, if any, was properly imputable to appellee Dr. Leo Jacobson as the latter's car was admittedly being driven by the son for a family purpose and with the father's knowledge and approval.

Appellees have filed a cross-appeal. They state appellant did not allege or charge that appellee Kenneth Jacobson was guilty of contributory negligence. Technically that is true. However, in its amended petition appellant alleged: "* * * that said Kenneth Jacobson was operating and driving said automobile at a rate of speed greatly in excess of that which was reasonable and proper having regard for the traffic on said road and at such a rate of speed as to endanger the life and limb and property of others using said highway and especially the property of this plaintiff; that said defendant failed to have his car under control * * *." The trial court submitted the question of appellee Kenneth Jacobson being guilty of contributory negligence and, if so, the effect thereof to the jury by its instructions Nos. 7 and 8. In this situation the following applies: "In a case where a plaintiff has charged a defendant with negligence which he claims was the proximate cause of a particular accident and the defendant by cross-petition charges the plaintiff with negligence which he contends was the proximate cause of the same accident and the plaintiff fails in response to the cross-petition to affirmatively charge the defendant with contributory negligence but the case was tried and the jury instructed on the theory that he had so pleaded, the original petition will be regarded as an affirmative charge of contributory negligence as to the cross-petition."

Tempero v. Adams, 153 Neb. 331, 44 N. W. 2d 604.

But appellees contend that appellee Kenneth Jacobson was entirely free of any contributory negligence. "Negligence is the doing of something which an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to do something which an ordinarily prudent person would have done under the same or similar circumstances." Wolcott v. Drake, 162 Neb. 56, 75 N. W. 2d 107.

Section 39-7,108, R. R. S. 1943, provides in part that: "The fact that the speed of a vehicle is lower than the foregoing prima facie limits (60 miles an hour) shall not relieve the driver from the duty to decrease speed * * * when approaching and going around curves, * * * when traveling upon any narrow or winding roadway, or when special hazards exist with respect to * * * traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with * * * vehicle or other conveyance on * * * the highway in compliance with the legal requirements and the duty of all persons to use due care; * * *."

"A driver should have his car under such reasonable control as will enable him to avoid a collision with other vehicles or pedestrians, assuming that the drivers of other vehicles and pedestrians exercise due care. Reasonable control by drivers of motor vehicles is such as will enable them to avoid a collision with other vehicles operated without negligence in the streets or intersections, and with pedestrians in the exercise of due care; but complete control such as will only prevent a collision by anticipation of negligence or illegal disregard of traffic regulations, in the absence of notice, warning, or knowledge, is not required." Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578.

There is evidence in the record to the effect that appellant's truck approached and proceeded across the bridge at 40 miles an hour and that it was on its own or right side of the center of the road at all times. There

is evidence that the appellee Kenneth Jacobson, who was unfamiliar with the highway, approached the bridge around a curve while proceeding at a speed of from 50 to 60 miles an hour; that due to the extreme heat the oil-mat was soft and at a point 100 feet north of the bridge there was a "messy-gooey" area some 25 to 30 feet long on the west side of the road; that when he first saw the truck, which was from a point some 200 feet north of the bridge, appellee Kenneth Jacobson applied his brakes but the car skidded sideways so he disengaged his brakes and straightened out the car; that when he had straightened out the car he again applied the brakes but he was then in the "messy-gooey" area above referred to and the car again skidded sideways, with the front to the southeast and the back to the northwest; that the car continued to skid sideways until the left front of his car hit the left rear of the tractor of the appellant's truck; that this impact took place on the bridge at a point just east of the double line running across the bridge on the center line thereof; and that the car left continuous skid marks, 175 feet in length, north from the point where it ran into the truck on the bridge.

Based on the foregoing we do not think it can be said that, as a matter of law, appellee Kenneth Jacobson was free of being guilty of negligence which contributed to the accident. The evidence is in conflict and a situation upon which different minds may reasonably draw different conclusions or inferences as a matter of fact.

We think the evidence adduced presents a question of fact as to all issues presented by the trial court to the jury and, in view thereof, we affirm the judgment of the trial court in refusing to grant appellant a new trial and appellees either a new trial or judgment notwithstanding the verdict.

AFFIRMED.