MARVIN KRAFT, APPELLANT, v. ERNEST E. FUNDUM, APPELLEE.

124 N. W. 2d 225

Filed November 1, 1963. No. 35477.

James F. Brogan, for appellant.

Frederick M. Deutsch, William I. Hagen, and James P. Monen, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The plaintiff brought this action to recover for personal injuries and property damage resulting from a collision between his automobile and a truck belonging to the defendant. The defendant denied generally and cross-petitioned for the damage to his truck. The jury found against the plaintiff and against the defendant on his cross-petition. The plaintiff has appealed.

The accident occurred about 3 a.m. on April 29, 1960, on Madison Avenue in Norfolk, Nebraska. Intermittent rains had been falling throughout the night. The weather was described as hazy, misting, wet, and possibly a little foggy. The street was paved and wet.

Plaintiff testified that he was traveling west on Madison Avenue prior to the accident at a speed of 15 miles an hour. He was returning home from work and was alone in his car. In the middle of the block between Third and Fourth Streets he collided head-on with a truck owned and operated by the defendant. Plaintiff sustained personal injuries and his car was damaged.

Plaintiff testified that after crossing Third Street, traveling on the north side of Madison Avenue, he first saw defendant's truck. The truck at that time was headed east and making a left turn across Madison Avenue into the dock area of the Norfolk post office. Plaintiff testified that he released his accelerator when he saw the truck, but instead of driving into the dock area defend-

ant turned east in plaintiff's driving lane. Plaintiff was 30 to 40 feet from the truck when he first observed the truck headed toward him. He applied his brakes and attempted to turn left to avoid the collision but was unable to do so because of the wet pavement. Plaintiff said that defendant's truck, after the collision, was immediately north of the centerline of the street, headed directly east. Two members of the Norfolk police department, who investigated the accident before the car and truck were moved, corroborated plaintiff's evidence as to the location of the vehicles immediately following the accident. The lights on plaintiff's car were on at the time of the collision. The parking and clearance lights on defendant's truck were burning but the headlights were off. There were three lighted street lights, one at each end of the block and one in the center of the block. One of the police officers testified that defendant stated that he swung into the west-bound lane in order to back into the post-office dock.

The defendant testified that he was a mail-hauling contractor. At the time of the accident he was proceeding to the post office to obtain a load of mail according to his usual daily schedule. He drove east on Madison Avenue on his right-hand side until he was opposite the dock area of the post office. He saw no traffic coming from the east and turned his truck to the left across the street. The stalls in the dock area were occupied by other trucks. He testified that he pulled into the driveway area, turned the front of his truck a little to the right, stopped, and shut off his motor. He testified that he was out of his truck, opening its rear doors preparatory to backing into the dock after it was cleared of other trucks, when plaintiff's car struck his truck. He testified that the front of his truck was about 2 feet beyond the parking lane and 14 feet south of the north curb line of Madison Avenue. His evidence as to the place of impact and the location of the vehicles after the accident, as well as the fact that defendant

was out of the cab and at the rear of his truck, is corroborated by the post-office foreman, a post-office clerk, and a dock hand working on the post-office dock.

The evidence of the parties is in conflict. The evidence of one or the other cannot be true. The jury found against plaintiff on his petition and against defendant on his cross-petition. It is evident that the jury found that neither party established his claim by a preponderance of the evidence. The questions of fact in the case were for the jury. The jury's findings have support in the evidence and, if the conduct of the trial and the instructions of the court were proper, its findings will not be disturbed.

Plaintiff assigns as error the giving of instruction No. 15. It states: "The driver of an automobile must keep such a lookout ahead that he may see an obstruction or vehicle as soon as it is illuminated by his lights, and he must have his car under such control under driving conditions then existing that he can stop it in time to avoid a collision with a stationary object in the area lighted by his lights. If you find that the truck of the defendant was stopped in the street at the point it was located when the collision between plaintiff's motor vehicle and defendant's truck occurred, and that defendant's truck had been so stopped before said truck came within the range of plaintiff's vision, then you are instructed that in such case the plaintiff cannot recover."

Plaintiff contends that by this instruction the court directed a verdict for the defendant in the event defendant's truck was stopped at the time of the accident. The instruction is not subject to such a construction. It tells the jury that if defendant's truck was stopped at the time of the collision and had been so stopped before said truck came within the range of plaintiff's vision, the plaintiff cannot recover. The rule is correctly stated under the facts of this case. It is consistent with defendant's theory of the case. Under the applicable rule as

stated in O'Neill v. Henke, 167 Neb. 631, 94 N. W. 2d 322, there are exceptions to the general rule. But none of the exceptions are brought into play by the evidence in this case and, consequently, the trial court was under no duty to instruct as to them.

It is also asserted that the instruction removes from the jury's consideration the question of whether or not it was negligence on the part of the defendant in parking his truck in the traveled portion of the west-bound traffic lane at a time when plaintiff was rightfully using it. These questions were covered by other instructions and it was not necessary to repeat them in instruction No. 15. Instruction No. 15 is correct, even if defendant's truck was wrongfully or negligently parked on the highway. If the truck was standing on the highway at the time it came within the range of plaintiff's lights, it in effect created a condition which plaintiff could and should have avoided if he had had such control of his car as to be able to stop within the range of his lights. The failure to stop, if the jury found the necessary facts set out in the instruction to be true, was such negligence on the part of plaintiff as would defeat his recovery as a matter of law. We find no error in instruction No. 15 under the facts disclosed by the evidence in this case.

Plaintiff argues that instructions Nos. 9 and 10 are inconsistent with instruction No. 15. Instruction No. 9 advises the jury of the statutory rules of the road and the requirements as to the use of lights. Instruction No. 10 tells the jury that a violation of statutes is not of itself negligence, but that it is evidence of negligence to be considered by it, as this court has many times declared. Instructions Nos. 9 and 10 are not inconsistent with instruction No. 15. They were for the jury's consideration if instruction No. 15 did not control the result.

It is contended that the trial court unduly emphasized and gave undue prominence to the duty of plaintiff to keep a lookout ahead of him prior to the accident by referring to it in each of instructions Nos. 12, 13, and

15. Plaintiff cites Kleutsch v. Security Mutual Life Ins. Co., 72 Neb. 75, 100 N. W. 139, in support of his contention. In the cited case it is said: "It thus appears that we are fully committed to the rule that it is error to single out a particular part of the evidence and express an opinion as to its weight, its strength or its probative force." An examination of the questioned instructions does not indicate that they gave any undue prominence to a portion of the testimony, or amount to a comment on its weight, strength, or probative force within the meaning of the rule. While it is true that a jury should be instructed without undue repetition, we cannot say that plaintiff was prejudiced by the giving of these instructions as plaintiff contends.

The plaintiff complains of the refusal of the trial court to give certain requested instructions. The only one discussed in the brief is plaintiff's requested instruction No. 12. This instruction was the sudden emergency rule as announced in Watson Bros. Transp. Co. v. Jacobson, 168 Neb. 862, 97 N. W. 2d 521. It is the contention that plaintiff was confronted with a sudden emergency immediately prior to the collision. The evidence shows that three motor vehicles were parked immediately north of the point of impact testified to by the plaintiff which precluded his turning to the right to avoid the accident. In other words, the only movement open to him to avoid the collision was to the left which he unsuccessfully took. This affords no basis for the sudden emergency rule, as otherwise the rule would have to be given in every such case. The Kentucky court in Feck's Adm'r v. Bell Line, Inc., 284 Ky. 288, 144 S. W. 2d 483, analyzed the rule correctly when it stated: "The 'sudden emergency rule' applies only where the evidence discloses that one became aware of an emergency and was put to a rapid choice of alternative courses of action in order to avoid accident and the jury, in the state of the evidence and in light of subsequent events, might reach the conclusion that the course of action adopted

was an unwise one, in which event an instruction defining the right of one confronted by such an emergency is required." We find no evidence in this record that plaintiff made a wrong choice because of the stress of the occasion. To require the submission of the sudden emergency rule to the jury there must be evidence that a wrong course of action was pursued, from the results of which the party is to be excused because of the stress and shortness of time under which it was made. No such evidence appears in this record and, consequently, the giving of plaintiff's requested instruction No. 12 was properly denied.

Plaintiff complains of the failure of the trial court to sustain objections to certain evidence on the ground that it was self-serving. The record shows that a police officer called by the plaintiff testified that defendant requested him to change the report of the accident filed with the Norfolk police department. There was a veiled insinuation that defendant was attempting to get the officer to falsify the record to the advantage of the defendant. The defendant was questioned by his counsel as to the defendant's version of the incident, which was to the effect that in the officer's report defendant's truck was not properly located at the time of the accident, and that he wanted it corrected to show the true facts. The contention of plaintiff is that defendant's testimony was self-serving and should have been excluded. Since the issue was first put in evidence by the plaintiff, it was proper for the defendant to explain the incident and disavow the inferences being drawn from it. Under the situation existing, the trial court did not err in overruling the objection that the evidence was self-serving.

We have found no error in the record prejudicial to the rights of the plaintiff. The judgment of the district court is affirmed.

AFFIRMED.