Wilbur KOENIG, Plaintiff,

v.

FRANK'S PLASTERING COMPANY, a corporation, et al., Defendants.

Adolph BRUGGEMAN, Plaintiff,

v.

FRANK'S PLASTERING COMPANY, a corporation, et al., Defendants.

Bernadine LANE, Administratrix of the Estate of Bert O. Lane, Deceased, Plaintiff,

v.

Adolph BRUGGEMAN, Defendant.

Betty R. PROKOP, Special Administratrix of the Estate of Bob Lawrence Prokop, Deceased, Plaintiff,

v.

Adolph BRUGGEMAN, Defendant.

Civ. Nos. 01493, 01494, 01547, 01573.

United States District Court
D. Nebraska.

March 26, 1964.

Frederick M. Deutsch, Norfolk, Neb., L. J. Tierney, Omaha, Neb., for plaintiffs Wilbur Koenig and Adolph Bruggeman.

Robert W. Haney and Richard L. Walentine, Omaha, Neb., for defendants Frank's Plastering Co. and others.

Larry Welch and J. H. McGroarty, Omaha, Neb., for plaintiff Betty R. Prokop.

VAN PELT, District Judge.

This matter is before the court upon the motions of the defendants in Civil 01493, filing number 61, and Civil 01494, filing number 57, and of the plaintiffs in Civil 01547, filing number 24, and Civil 01573, filing number 14, for judgments notwithstanding the verdicts or in the alternative for new trials. The motions have been argued and being submitted under the rules of this court, they now stand ready for decision.

The four cases above referred to were consolidated for trial to a jury. Separate verdicts were rendered in each case. The grounds for judgment notwithstanding the verdict or in the alternative for a new trial are not identical in each motion.

The actions arose out of a collision that occurred on November 21, 1961, between two truck-tractor and trailer combinations. Koenig was operating the unit owned by Bruggeman and was proceeding westerly. The unit owned by Frank's Plastering Co. and Robert C. Frank, proceeding easterly, was occupied by the decedents, Lane and Prokop.

There was no evidence as to who was the driver. The jury's verdicts were in favor of Koenig and Bruggeman and against Lane, Prokop, Frank's Plastering Co. and Robert C. Frank.

The moving parties at the time the motions in question were argued to the court requested that they be permitted to subpoena jurors as witnesses to testify concerning the verdict. The court did not permit this to be done. Movants then made an offer of proof which in substance set forth that if the jurors were permitted to testify such testimony would establish that they found the plaintiff Bruggeman negligent in the amount of 10% in Civil 01494, that the jury reduced the amount of the verdict on his cross-complaint by that amount under the comparative negligence statute of Nebraska. Upon the premise that Bruggeman was found negligent in Civil 01494 and that such negligence proximately contributed to the accident in question, movants argue that the jury as a matter of law had to return a verdict for either Bernadine Lane or Betty Prokop, or both, in Civil 01547 or Civil 01573. The court for reasons to be hereinafter set forth cannot accept such a position.

The rule is well established that no sworn statement of a juror may be taken to impeach a verdict as to matters inhering in the verdict. Carpenter v. Sun Indemnity Co., 138 Neb. 552, 293 N.W. 400, Stewart v. United States, 300 F. 769, 8 Cir., Stephenson v. Steinauer, 8 Cir., 188 F.2d 432, United States v. Kansas City, Mo., 8 Cir., 157 F.2d 459.

It was well said forty years ago in this circuit:

"The jurors were incompetent to prove the alleged facts stated in their affidavits under the established rule of public policy, nowhere more clearly or accurately stated than by Chief Justice Bigelow in 1860 in Capen et al. v. Stoughton, 16 Gray (82 Mass.) 364, 366, in these words:

" 'It has been settled upon sound considerations of public policy that

mistake of the testimony, misapprehension of the law, error in computation, irregular or illegal methods of arriving at damages, unsound reasons, or improper motives, misconduct during the trial or in the jury room, cannot be shown by the evidence of the jurors themselves, as the ground of disturbing a verdict, duly rendered.'

"This ruling has been adopted by the Supreme Court of the United States and the other federal courts. McDonald v. Pless, 238 U.S. 264, 268, 35 S.Ct. 783, 59 L.Ed. 1300; Stout v. United States, 227 F. 799, 804, 142 C.C.A. 323." Stewart v. United States, 300 F. 769, 788.

█ This is the rule in Nebraska as is shown in Carpenter:

" 'No affidavit, deposition or other sworn statement of a juror will be received to impeach or explain a verdict or on what grounds it was rendered, or to show a mistake in it, or that the jurors misunderstood the charge of the court or that they mistook the law, or the result of the finding, on the ground that such matters inhere in the verdict.

" 'Affidavits or testimony of jurors will not be received for the purpose of impeaching or avoiding their verdict in respect to matters inhering in the verdict itself.' " Carpenter v. Sun Indem. Co., 138 Neb. 552, 293 N.W. 400.

At the trial, counsel for Bruggeman introduced into evidence a stipulation to the effect that if a competent witness were called that he would testify that the value of the tractor owned by Bruggeman immediately before the accident was $10,848.87, that the tractor was a total loss and could not reasonably be repaired, that the value of the tractor after the collision was $1,250.00 and after deducting salvage the damage to the tractor was $9,598.87. A similar stipulation was introduced as to the trailer, with the sum of $3,250.00 being set as the damage to the trailer. The jury returned a verdict in favor of Bruggeman for $11,563.98.

█ It should be noted at the outset that the stipulation was to the effect that if a competent witness were called that he would so testify. It was not an absolute stipulation that the damages were a certain amount. Other competent evidence, such as photographs, existed by which the jurors could determine damage. It would thus fall within the rule of Ireland v. Stalbaum, 162 Neb. 630, 77 N.W.2d 155. The court, 162 Neb. on page 634, 77 N.W.2d on page 157, said:

"It however is not true that where a stipulation has been entered into that a witness or witnesses if called would give testimony of a particular kind or character or in a particular manner that such evidence is necessarily binding upon the triers of the facts. 83 C.J.S., Stipulations, § 23 f, p. 54; 50 Am.Jur., Stipulations, § 16, p. 616; Goess v. Lucinda Shops, Inc., 2 Cir., 93 F.2d 449, 115 A.L.R. 264; Hutcheson v. Savings Bank [etc.], 129 Va. 281, 105 S.E. 677. Such a stipulation leaves a jury free to consider its weight and credibility the same as any other evidence adduced on the trial of the case."

See also the following language in Stahlhut v. County of Saline, 176 Neb. 189, 125 N.W.2d 520:

" ' "Triers of fact have the right to test the credibility of witnesses and to weigh their undisputed parol testimony against the facts and circumstances in evidence from which a conclusion may properly be drawn that the witness was mistaken." Patrick v. Union Central Life Ins. Co., 150 Neb. 201, 33 N.W.2d 537. * * *' " (176 Neb. at 199, 125 N.W.2d at 526)

In Grimminger v. Cummings, 176 Neb. 142, 125 N.W.2d 613, the Nebraska Supreme Court had before it the question of the value of legal services incurred in assisting in the lease or sale of business property. The only expert testi-

mony at the trial placed the value of the services from $6,500.00 to $10,000.00. The jury returned a verdict for $2,684.09. The Nebraska Supreme Court, in upholding the verdict, held that a jury was not bound by expert testimony, the same being advisory in nature. The court further held that the value ultimately fixed might be below the range of the expert testimony and that there need not be opposing proof of an expert nature.

The jury in the Bruggeman case was told, no exceptions being taken thereto, that the testimony of experts was to be given such weight as the jury thought it should have.

■ The case of Guerin v. Forburger, 161 Neb. 824, 74 N.W.2d 870, is cited to the court in support of the motions. However, the court therein stated that the testimony of a funeral director that the fair and reasonable value of the service was $830.00 with the jury returning a verdict of $456.50 therefor, taken together with the fact that the parties stipulated that the value of the auto destroyed was $1,250.00 with the jury returning a verdict of 55% of that figure, indicated that the jury found decedent's negligence to be more than slight. As previously set forth herein, movants stipulated that if a party were called he would testify to the matters contained therein. This court does not feel that it should under such circumstances go even beyond the scope of Guerin, supra, and hold, assuming that the jury did find Bruggeman negligent in a slight amount, that such negligence would have to support a verdict for Bernadine Lane and Betty Prokop as a matter of law.

■ There is yet another reason why the motions should not be sustained on the above ground. The court finds that there is no requirement of consistency in the verdicts when separate cases are consolidated for trial. Aragon v. Kasulka, 68 N.M. 310, 361 P.2d 719. The Court of Appeals for this Circuit has held:

"However, it is held that consistency in a verdict is not necessary even if the issue were available to defendant here. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48; Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356." Stephenson v. Steinhauer, 188 F.2d 432, at 436.

See 88 C.J.S. Trial § 6, at page 29, where the textwriter stated, "Each case retains its distinctive characteristics and remains separate in respect of * * * verdicts, findings, judgments * * *." In Vol. 2B, Barron & Holtzoff, § 941, at page 173, the following language is found, " * * * where the court orders consolidation for all purposes the actions preserve their separate identity."

■ Movants contend that the court erred in failing to "affirmatively charge the jury that a person deceased is presumed to be exercising due care at the time of his death" in Civil 01547 and in not giving plaintiff's requested instruction number 3 in Civil 01573, which in substance requested the same instruction as to due care.

It should first be noted that the court did not submit the issue of contributory negligence in either of the two cases because of the complete failure of proof as to the identity of the driver of the Frank unit.

It should also be noted that in the cases before this court an eyewitness testified. True he was the driver of the Bruggeman unit, but the adverse parties all waived the so-called "dead man's statute". The applicable rules are different from that contended for by movants under the circumstances found in this case.

In Heeney v. Churchill, 154 Neb. 848, 50 N.W.2d 72, the Nebraska court said:

"The presumption of due care arising out of the natural instinct of self-preservation is not evidence, but a mere rule of law, and obtains only in the absence of direct or circumstantial evidence justifying reasonable inferences one way or an-

other upon that subject. When such evidence is produced the presumption disappears and is not entitled to be considered. Eggeling v. Chicago, R. I. & P. Ry. Co., 119 Neb. 229, 228 N.W. 361, 231 N.W. 152. See, also, Anderson v. Nincehelser, 152 Neb. 857, 43 N.W.2d 182, on rehearing, 153 Neb. 329, 44 N.W.2d 518." (154 Neb. at 857, 50 N.W.2d at 77)

Judge Chappell in a concurring opinion in Heeney v. Churchill, supra, stated:

"The only issue submitted was the alleged negligence of defendant and whether or not it proximately caused the accident and resulting death.

"It appears logical to say that in such a case there can be no necessity of giving an instruction that it was presumed that plaintiff's decedent was not guilty of negligence in order to avoid prejudicial error, because whether or not he was negligent was never an issue submitted to the jury. Thus, the failure to give such presumptive instruction could not be prejudicial error because it had no place in the issues as ultimately submitted." (154 Neb. at 858, 50 N.W.2d at 78)

At the request of counsel for Prokop and Lane and over objection of counsel for Bruggeman, the court did not submit in the two death cases the contributory negligence issue. Under the issues the so-called presumption had no place.

The Court of Appeals for the Eighth Circuit, long prior to this trial, in the case of Gulf, Mobile and Ohio Railroad Co. v. Larkin, 307 F.2d 225, held:

"Presumption of due care upon part of a deceased person is rebuttable and is applicable only where there are no eyewitnesses." (Syl. 5)

Here we have not only an eyewitness but sufficient circumstantial evidence as well, to cause the presumption to disappear, under the rule of the Heeney and Gulf cases.

Since the trial, and on March 6, 1964, in Flory v. Holtz, 176 Neb. 531, at 540, 126 N.W.2d 686, at 692, the Nebraska court has said:

"There were no eyewitnesses to the collision herein. The deceased was killed, and the defendant has no recollection of it. Actionable negligence on the part of the defendant cannot be inferred from a presumption of due care on the part of the deceased. The presumption of due care raised by the instinct of self preservation benefits the defendant as well as the deceased. It must be overcome by direct evidence. One presumption cannot be built upon another. See Wolcott v. Drake, 162 Neb. 56, 75 N.W.2d 107."

Since actionable negligence cannot be inferred from a presumption of due care on the part of a deceased, it would under the teaching of Flory have been actual error to have instructed as counsel contends.

On the strength of the cases in Nebraska and in this circuit, available at the time of trial and of the latter decision, the court rejects movants' contention.

It is now urged upon the court that the doctrine of sudden emergency should not have been submitted to the jury to be considered in their evaluation of Koenig's actions. The application of the doctrine in Nebraska was discussed in Watson Bros. Transp. Co. v. Jacobson, 168 Neb. 862, 97 N.W.2d 521, wherein the court said:

" 'In the realm of negligence cases, an emergency has become the basis for a rule of law which is dependent for application upon two factual elements. This court has held that: "Where one driving an automobile is suddenly confronted by an emergency, requiring instant decision, he is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong." * * However, the above rule cannot be successfully invoked by either party

in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it.' Roby v. Auker, 149 Neb. 734, 32 N.W.2d 491, 495. 'The emergency rule cannot be successfully invoked by either party in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it.' Davis v. Dennert, 162 Neb. 65, 75 N.W.2d 112, 121.

"Appellees, both in their amended answer and cross-petition, alleged to the effect that when appellee Kenneth Jacobson was at a point just north of the bridge that the appellant's truck was approaching said bridge from the south and as it proceeded onto the bridge the truck was swinging back and forth on both sides of the highway. The bridge, as already stated, was 20 feet wide and 220 feet long, the accident occurring near the north end thereof. There was evidence adduced to the effect that appellee Kenneth Jacobson, who had never been over this road before, first saw the bridge as he was coming out of the curve north of the bridge and entering the straight of way approaching it; that he was then going 40 miles an hour; that as he was straightening out onto the straight of way, at a point some 200 feet north of the bridge, he first saw appellant's truck coming off of the grade south of the bridge and onto the bridge; that the truck was coming down the center of the highway but swaying back and forth with the semi-trailer zigzagging across the center line; and that it continued to do so as it entered onto

the bridge, when it seemed to accelerate its speed.

" ' "The trial judge's statement of the issues to the jury should state the issues as the case is being finally presented to the jury on the pleadings and the evidence adduced." * * * And, "It is reversible error to instruct the jury upon a question not raised by the pleadings nor applicable to the evidence, when such instructions have a tendency to mislead the jury or have a prejudicial effect upon the party complaining." ' Chard v. New York Life Ins. Co., 145 Neb. 429, 16 N.W.2d 853, 864.

"Under the pleadings and the evidence adduced we think the question of whether or not appellee Kenneth Jacobson was, under the circumstances as hereinbefore set forth, confronted with a sudden emergency was a question for the jury and an issue which the trial court was, under the circumstances, correct in submitting." (168 Neb. at 867, 868, 97 N.W.2d at 525)

█ In the case at bar there was, in the opinion of the court, competent evidence that Koenig, while in the exercise of due care, was confronted with an emergency when the Frank unit suddenly and without warning crossed over on to his side of the highway. The court believes that the jury could properly have considered the doctrine in the event they found it applicable in determining the propriety of Koenig's actions in failing to avoid the Frank unit and in moving to the right of the seat of the truck from behind the steering wheel when he felt the collision was inevitable. The court concluded at the time and remains of the opinion that there was no evidence presented by which the jury could have concluded that Lane or Prokop was confronted with a sudden emergency and made a wrong choice because of the stress of the occasion as found necessary for the submission of the doctrine to the jury in Kraft v. Fundum, 175 Neb. 821, 124 N.W.2d 225.

It is now urged that the court erred in submitting both the I.C.C. regulations and state statutes to the jury, the state provisions being applicable only in the event the jury found the I.C.C. regulations inapplicable. No such exception to the instruction given by the court was taken at the trial, and the court concludes that the instruction was proper.

The remainder of the contentions of the parties have been considered and are rejected. The motions filed in each action will be overruled. A separate order will be entered in each case.