IN RE ESTATE OF ACHSAH HOLLOWAY.

COE C. HOLLOWAY, APPELLEE, V. J. 'ARTHUR TILLSON, ADMINISTRATOR, APPELLANT.

FILED MAY 23, 1911. No. 16,438.

1. Executors and Administrators: CLAIMS: REFERENCE: STIPULA-TIONS: WAIVER. Upon appeal to the district court from an adjustment by the county court of a controversy in settling an estate involving many items of claim and counterclaim, the district court ordered formal pleadings filed. The parties stipulated that copies of the itemized statements filed by the respective parties in county court might be filed in lieu of such pleadings. The referee appointed by the district court found generally upon each item, stating the balance. The district court, upon motion, refused to set aside the report of the referee, and refused to recommit the case for special findings of the facts supporting specified items of the report. Held, That the parties had waived the right to object to the report on the ground that these findings of fact were insufficient and are not entitled to a reversal because of these rulings.

2. Appeal: FINDINGS OF REFEREE: PRESUMPTIONS. The rule that a court will not be presumed to have based its decision upon incompetent evidence when the record shows sufficient competent evidence to support it applies also to the findings of a referee in stating an account.

3. Witnesses: COMPETENCY: TRANSACTIONS WITH DECEDENT. When the representative of a deceased person is a party to an action, one having a direct legal interest in the controversy will not be allowed to testify to transactions with the deceased. This would

apply to identification of checks drawn by the witness and delivered to the deceased. If the witness is allowed to identify the checks without objection, and is fully cross-examined thereon, an objection to the introduction of the checks in evidence is properly overruled.

4. **Appeal: Review.** Many questions asked of witnesses by appellant upon cross-examination were upon objection disallowed by the court. Also appellant specified in the brief many items of account that he claims are not supported by the evidence. Upon examination of the record, the evidence is found to be sufficient, and no prejudicial error is found in the rulings of the court thereon.

5. **Limitation of Actions: Accounts.** Where there is a running account between the parties consisting of unsettled items of debit and credit and the dealing between the parties was continuous, and not interrupted for a sufficient length of time for the running of the statute, such items of account are not barred by the statute of limitations.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*J. Arthur Tillson* and *Fred A. Nye,* for appellant.

*H. M. Sinclair* and *W. D. Oldham, contra.*

SEDGWICK, J.

Coe C. Holloway, the claimant, filed his claim in the county court of Buffalo county against the estate of his mother, Achsah Holloway. The claim, as filed, consists of a large number of items and amounted to something over $14,000. The administrator of the estate filed objections to the claim and alleged a large number of items against the claimant and in favor of the estate. Commissioners were appointed by the county court, who investigated the respective claims and found that there was due the administrator from the claimant $9,224.53. From this finding and the order of the county court thereon, the claimant appealed to the district court. The district court referred the matter to the Honorable H. J. Whitmore to report findings of fact and conclusions of law.

In re Estate of Holloway.

The referee reported that there was due to the estate from the claimant $3,228.83 and interest at 7 per cent. from the 18th day of January, 1909, to the 1st day of May of that year, which was the date of the report. From the judgment upon this report the administrator has appealed to this court.

1. When the report of the referee was filed in the district court, the administrator filed a motion for further findings of fact by the referee, which was overruled, and this ruling is now assigned as error. By stipulation between the parties the dispute was confined to 13 items of credit claimed by Mr. Holloway. One of these items, as stated by the claimant, was "Dec. 22, 1888, $1,385.69, notes of Ira and Achsah Holloway." Ira Holloway, the father of the claimant, died some time before the death of the claimant's mother. The object of the motion for further findings of fact was to require the referee to find the facts in regard to this and other items. When the court ordered that the claimant file a petition and the administrator an answer, the claimant filed as his petition a mere duplicate of the statement of the items of debit and credit filed by him in the county court. The administrator thereupon filed as his answer a duplicate of his statement of items as filed in the county court. It was stipulated by the parties that the cause should be tried upon these informal statements, thus waiving a compliance on the part of the complainant with the order of the district court to file a formal petition. So far as we have observed, both parties proceeded in the trial as though formal pleadings had been filed. There is no doubt that the order of the district court requiring the claimant to file the petition was a proper and necessary order in this case. The facts should have been as fully pleaded as is required in an ordinary action on such an account. After the court had directed that formal issue be made up, the administrator waived this and consented to proceed to trial upon these informal statements of account. In his answer he added some allegations in regard to these items by way

of defense, and, if the referee had found for the administrator in regard to these items, he would have undoubtedly found whether the allegations of the answer in regard thereto were sustained by the evidence. When he found in favor of the claimant as to these items, his findings were as definite as the allegations upon which they were based. Without doubt, if the order of the court had been complied with, the administrator would have been in a better position to resist these claims, but, after the parties have elected to try the issues as they were presented, they ought not now to be allowed to complain of uncertainties which result from the pleadings to which they consented. What we have said in regard to this item applies also to the other items similarly tried.

2. The second contention of the administrator is that "the conclusions of law in the referee's report are contrary to law because not supported by the findings of fact found in said report." The brief quotes from the opinion of Judge Cooley in *Weirich v. Cook*, 39 Mich. 134, in which it is said: "His conclusions should have been based upon such a statement of facts as would have enabled us to see that they were legitimate; such a statement as would show why the defendant should be charged with the sum for which he advises judgment." This objection is substantially answered in what we have already said.

Ira Holloway, the claimant's father, owned a large part of the stock of the bank in Gibbon, of which the claimant was cashier and apparently the principal manager. Some of the items that the accounts presented related to business transactions of Ira Holloway. By his will he gave this bank stock and his interest in these accounts to his wife, Achsah Holloway, and the business of the bank and the management of this property by this claimant continued as it was before, without any change, except the substitution of the name of Achsah Holloway in the place of Ira Holloway upon the books. This continued for nearly 20 years after the death of Ira Holloway and until the death of Achsah Holloway. After this ad-

ministrator was appointed he took charge of the interest of Achsah Holloway and to some extent participated in the management of the business. He now seriously contends that the report of the referee should have been set aside because it contains no special findings in regard to the transfer of the interest of Ira Holloway to Achsah Holloway, but in this the report follows the statement of the claim, which by the consent of the parties was treated as a petition, and for the reasons already stated we think that the administrator is not now entitled to have the issues reframed and another trial ordered.

3. The third objection of the administrator relates to item No. 9, already referred to, which is: "Dec. 22, 1888, $1,385.69, notes of Ira and Achsah Holloway."

Ira and Achsah Holloway were residents of the state of Michigan. The estate of Achsah Holloway was probated in that state. A paper was offered in evidence which purported to be a copy from the records of the court in that state in which the probate proceedings were had. This was objected to as incompetent, and that no sufficient foundation was laid for receiving it in evidence. It was apparently not properly certified, and it seems that the objection was well taken, but this appears to be immaterial. The trial being before a referee, he will not be presumed to have based his decision upon incompetent evidence. There was other evidence, including the testimony of one of the employees of the bank, which, being uncontradicted, was sufficient to support the finding of the referee in regard to this item.

4. Certain checks drawn by the claimant in favor of Achsah Holloway were received in evidence over the objection of the administrator, and it is now objected that they were incompetent because they were identified solely by the evidence of the claimant himself, and it is claimed that he was incompetent, under section 329 of the code. The claimant was allowed to testify fully without objection to the making and delivery of the checks, and when the checks were offered in evidence, among many other objections, it is noted that the

witness was incompetent to identify the checks. We think, however, this objection came too late. After having received his evidence without a suggestion to the referee that he was disqualified, and without any attempt to strike his evidence from the record, the ground urged was not sufficient to require the referee to reject the checks.

5. The administrator complains that he was not permitted to cross-examine the claimant as to his salary as cashier in the Commercial Bank of Gibbon. There are several pages of questions in regard to this matter recited in the brief, but it does not clearly appear how answers to these questions would have assisted the referee in determining the matter before him.

Many pages of the brief are devoted to the discussion of the insufficiency of the evidence to prove certain other credits allowed the claimant. The bill of exceptions and record are very voluminous. We cannot enter into a detailed discussion of this evidence, nor of the arguments predicated thereon. It is sufficient to say that we do not find such a failure of evidence as to these items as to require us to reverse the findings of the referee and the judgment of the district court.

The administrator urges that some of these disputed items were barred by the statute of limitations. Where there are unsettled items of debit and credit in an account between parties, each succeeding item is applied upon the true balance. If the dealings between the parties are suspended for a sufficient length of time, the statute of limitations will run, but, if the transactions are continuous, the statute will not apply. The method of computing interest was favorable to the claimant, but this was in accordance with the stipulation of the parties.

The whole record is unnecessarily complicated and unsatisfactory; the pleadings are indefinite, and much of the evidence is irrelevant. We have not found any substantial error requiring a reversal of the judgment, and it is therefore

AFFIRMED.