LUCILLE ELIZABETH VACANTI, A MINOR CHILD, BY AND THROUGH HER FATHER AND NEXT FRIEND, ANTHONY G. VACANTI, APPELLANT, v. PAUL FLORES MONTES, APPELLEE.

142 N. W. 2d 318

Filed April 29, 1966. No. 36084.

Sodoro & Meares, for appellant.

John J. Respeliers, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

This was an action by the appellant Lucille Elizabeth Vacanti, a minor, brought by her father and next friend, as plaintiff, to recover for personal injuries as the re-

sult of an automobile-pedestrian impact accident which occurred in Omaha, Douglas County, Nebraska. The vehicle was operated by the appellee and defendant Paul Flores Montes. There was a second cause of action for medical and hospital expenses which had been assigned by the father to the minor.

A trial to a jury in district court resulted in a verdict and judgment for the defendant on both causes. From an order overruling a motion for new trial, the plaintiff has brought the case to this court by appeal.

"In reviewing the evidence where a jury has returned a verdict for the defendant, the defendant must have the benefit of any and all reasonable inferences deducible from the proof." Schmeeckle v. Peterson, 178 Neb. 476, 134 N. W. 2d 37. Because of the rule stated, we give a résumé of the evidence to which the jury might have given credence without giving all of the testimony, some of which might be more favorable to the plaintiff.

The plaintiff Lucille Elizabeth Vacanti, whom we will call Lucille, was a minor aged 9 years and 3 months on June 26, 1962, the day she was injured. She was struck that day about 7 or 7:30 p.m., by a 1959 Ford station wagon driven by the defendant Paul Flores Montes, causing her injuries. The impact occurred toward the westerly end of an alley extending from Seventh Street on the east to Eighth Street on the west in a block in Omaha, Nebraska, located between Pierce Street on the south and Pacific Street on the north. The alley was paved. Its surface was dry and dusty at the time of the injury. The grade of the alley ascends toward Eighth Street on the west. Except for a short distance near Eighth Street where it levels off, there is a constant rise all the way. Immediately adjoining the south side of the east end of the alley on Seventh Street, Caniglia's Pizzaria is located. On the north side of the alley at its west end on Eighth Street at the time of the accident was the residence of Virginia Torres. There was a fence along the alley side of this property. A portion of

it near its east end had been bent over by the children playing until it could be crossed by stepping or skipping over it without much trouble. There were several trees along this fence, just inside of it, one of which was quite large.

Defendant was a bartender at the Golden Goose bar. He worked from 6 a.m. to 2 p.m. as such. He returned on this day at 6 p.m. On the afternoon in question the baseball team sponsored by the Golden Goose had finished a game about 6 or 6:30 p.m., and some of the players had repaired to the Golden Goose. Some of them drank beer, others drank pop, and the defendant drank nothing. The players desired some pizzas. Defendant, after phoning the order, drove to Caniglia's Pizzaria to get them. He parked the car on Seventh Street in front of the pizzaria, about 10 feet south of the alley, and went in, got them, and walked right out. He backed the car far enough to the north so he could turn into the alley in question, instead of driving south to Pierce Street, for no particular reason. He was or had been familiar with the vicinity and knew that children residing therein occasionally played in the alley. On turning into the alley he proceeded through it westward toward Eighth Street. He testified he attained speed of 20 to 25 miles per hour, but was slowing toward the west to make a left turn on entering Eighth Street. Although there is testimony he attained a greater speed, many of the witnesses did not mention speed. The city ordinance in evidence provides for a maximum speed of 25 miles per hour in such cases. He saw no children in the alley until right before the impact but says he saw some in the yard of Virginia Torres. He took no particular steps on seeing them and did not sound his horn. Several children were playing marbles in the Torres' yard near the house which is not far from the alley. Lucille, the plaintiff, was playing tag with her twin sister and three other young children. Randy Williams was "it" and was chasing her. Plaintiff was behind the big tree on the north side of the

alley. She ran out into the alley just before being struck. There is some variance in her exact movements as described by various eyewitnesses of whom there were several. Some said she ran across the alley, turned about, started to run back, and was struck while returning. Others said it occurred when she was first attempting to cross. Some said she ran out and then hesitated.

Defendant testified plaintiff jumped out from behind the tree when the car was only 20 or 30 feet from her. According to him, he applied the brakes and turned to the left to avoid her but the right front fender hit the plaintiff, knocking her forward. The car did not pass over her. He said as she ran out, she neither looked to the right nor to the left but turned toward the car just as she was struck. Defendant's car laid down skid marks. An officer from the police department who came to investigate the accident testified these marks were 21 feet long. He so determined by pacing them off. The car had not been moved when he arrived. It was near the center of the alley facing in a southwesterly direction. There is evidence the automobile stopped at or near the big tree. The point of impact was considerably east of the crosswalk at the end of the alley but toward its west end.

The plaintiff first contends the trial court erred in submitting the issue of the contributory negligence of the plaintiff to the jury. Plaintiff's contentions with respect to the trial court's submission of this issue are somewhat obscure. It apparently recognized that this court has held that the question of whether a minor 9 years of age can be said to be chargeable with contributory negligence is a question of fact for the jury under proper instructions. Plaintiff cites authority from other states, however, which hold children below certain specified ages have been held incapable of contributory negligence as a matter of law and there is an indication, she contends, such a·rule should be adopted with respect to the 9-

year-old plaintiff in the present case. It is also urged the plaintiff's negligence, if any, was slight as a matter of law as compared to defendant's negligence, and the fact that defendant did not sound his horn is emphasized. In the case of Adams v. Welliver, 155 Neb. 331, 51 N. W. 2d 739, this court had under consideration injuries to a 9-year-old minor received in a collision with an automobile while running diagonally across the street. This court there set out certain rules governing contributory negligence where such a minor is involved, as well as some which affect the driver of a car in those cases, as follows: "The duty to sound a signal warning of the approach of a motor vehicle depends largely on the circumstances of the particular case. * * *

"Until the driver of an automobile has notice of the presence or likelihood of children near his line of travel, he is bound only to the exercise of reasonable care, and has the right to assume that others will do likewise; and until he has such notice the rule is the same as respects children and adults.

"The age when an infant during its minority may be capable of understanding and avoiding dangers encountered while traveling upon a public street in a city cannot be fixed by arbitrary rule, and is generally a question of fact for the jury.

"Whether or not an infant between nine and ten years of age is of sufficient knowledge, discretion, and appreciation of danger that he may be subject to the defense of contributory negligence is generally a question of fact and not of law.

"What is required of an infant is the exercise of that degree of care which an ordinary prudent child of the same capacity to appreciate and avoid danger would use in the same situation." We think these rules are still proper and applicable in the present case.

Plaintiff apparently contends that the trial court's instructions in effect imposed the same duty of care and responsibility upon the plaintiff that is required of

adults. This was obviously not true. We here set out the trial court's instruction concerning the caution required on the part of the plaintiff with its relation to the defense of contributory negligence, as follows: "INSTRUCTION NO. 15

"The evidence is uncontroverted in this case that at the time of the accident in question the plaintiff was a minor of the age of 9 years and 3 months.

"You are instructed that a minor of the age of the plaintiff at the time of the accident cannot be charged with the same degree of caution required of an adult in guarding against possible accidents while traveling upon and crossing a street in a city. There is no arbitrary rule fixing the time at which a child during his minority may be declared wholly capable or incapable of understanding and avoiding dangers to be encountered while engaged in such activity. Whether or not negligence may be attributed to a minor of the age of the plaintiff is a matter for the jury to determine under all the circumstances of the case.

"The degree of care required of a minor is that which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use in the same situation.

"Whether or not the plaintiff at the time of the accident in question was of sufficient knowledge, discretion and appreciation of danger that she may be subject to the defense of contributory negligence is a question of fact for the jury to determine."

This instruction quite fully and correctly sets forth the standard of duty and care required of the plaintiff as a minor and the law concerning contributory negligence as applied to her as stated in Adams v. Welliver, *supra*.

Objections are made separately to 13 instructions by number without giving any reason where any of them misstate the law except as hereinafter mentioned. Further objection is made to them collectively in which it is asserted that by needless repetition the defense of con-

tributory negligence was emphasized to the prejudice of the plaintiff. The usual stock instructions defining negligence and contributory negligence, placing the burden of the latter on the defendant, and relating it to the rules of comparative negligence, are all attributed to the prejudicial emphasis placed on contributory negligence. Some of the instructions set out the duty of a pedestrian in certain circumstances from which it is urged the defense of contributory negligence is emphasized because the court found it necessary to set out those rules which the jury might find the defendant violated. It is inferred that because the separate instruction did not repeat the rules, or some of them, regarding contributory negligence with respect to a minor plaintiff, the court was fastening upon the plaintiff the responsibility of care and caution which applies to an adult. This regardless of a later specific instruction that the jury was to consider them all together and harmonize each with the others. There were 39 instructions in all and we have examined the instructions and find that as a whole they were fairly balanced in setting forth the obligations and duties of the parties and do not indicate prejudice to the plaintiff by unnecessary repetition as asserted. "In determining whether or not there was error in a sentence or clause of an instruction, it will be considered with the instruction of which it is a part and the other instructions, and the true meaning thereof will be determined not from the sentence or clause alone but by a consideration of all that is said on the subject." Norman v. Sprague, 167 Neb. 528, 93 N. W. 2d 637.

The plaintiff further urges that there was insufficient evidence entitling the trial court to submit to the jury the particular allegations of the plaintiff's contributory negligence mentioned in the instructions. The items submitted were: In failing to keep a proper lookout for traffic lawfully proceeding in the alley; in jumping the fence into the alley in front of defendant's automobile;

in leaving a place of safety and running in front of the car; and in attempting to cross the alley at a point not marked for pedestrian traffic. The portion of the instruction with respect to crossing the alley at a point not marked for pedestrian traffic related to the portions of an ordinance of the city of Omaha admitted in evidence. No error is assigned either as to its admission or the trial court's interpretation thereof in relation to the alley. We have hitherto outlined the evidence herein. It is not necessary to do so further with respect to the contentions here stated. There was adequate evidence to infer that Lucille ran out from behind the big tree, jumped over the fence, and immediately ran into the path of defendant's car. The issues with respect to contributory negligence were properly submitted to the jury.

The plaintiff assigns error to the trial court in failing to direct a mistrial because of repeated and apparent attempts by the defendant's counsel to insert hearsay evidence into the record by way of interrogation. The attempts were made. The evidence was excluded. The jury was admonished not to consider the interrogation. Plaintiff's counsel did not move for a mistrial although he indicated he would like to do so for the record only. The trial court stated if a motion was made it would rule upon it. Plaintiff's counsel thereupon refrained from making his motion. "One may not complain of alleged misconduct of adverse counsel if, with knowledge of such alleged misconduct, he does not ask for a mistrial but consents to take the chances of a favorable verdict." Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293. See, also, Pieper v. City of Scottsbluff, 176 Neb. 561, 126 N. W. 2d 865.

Objection was made to the trial court giving an instruction concerning the defense of sudden emergency. It is not contended the content of the instruction was wrong if the issue was properly submitted. The trial court permitted the defendant's answer to be amended

in this respect to conform to the proof at trial over objection. Plaintiff contends the emergency was caused by the defendant's own negligence. The evidence heretofore related makes it clear that the issue was properly submitted to the jury. No error is assigned to the ruling permitting the amendment of the pleading.

Having carefully considered the various contentions of the plaintiff, we find no error in the trial court's ruling. It follows its judgment should be and is affirmed.

·AFFIRMED.

WHITE, C. J., not participating.