L. G. HARRISON, AS ADMINISTRATOR OF THE ESTATE OF RUTH B. GRIZZARD, DECEASED, APPELLANT, v. JAMES E. GRIZZARD, APPELLEE.

219 N. W. 2d 766

Filed July 5, 1974. No. 39340.

Ledwith & Shokes, for appellant.

No appearance for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The District Court, in this ancillary proceeding, brought in the divorce action by the administrator of the deceased wife's estate to determine the amount of accrued child support due, entered a decree, so far as pertinent here, finding a balance of $9,375.71 due, and directing that out of this sum the Douglas County welfare department should be reimbursed, without interest, for the amounts that it had paid the wife for the support of the children. On appeal by the administrator, asserting error in the amount of credits allowed the defendant, and in requiring reimbursement to the Douglas County welfare department, we reverse the judgment and remand the cause to the District Court with directions.

The plaintiff contends that the trial court was in error in giving the defendant credit in the sum of $500 for payments made direct to decedent by way of money order and cash. Over objection, based upon the dead man's statute, section 25-1202, R. S. Supp., 1972, the defendant identified certain money order receipts in the aggregate sum of $230 and testified that he delivered the money orders to the plaintiff's decedent. He also testified that he made other payments direct to the plaintiff's decedent but was unable to produce any evidence of such payments or the amounts. His own counsel stated that he was not trying to establish by this testimony the amount, but "just the fact that he made some periodic payments." The divorce decree provided, pursuant to section 42-318, R. R. S. 1943, that these payments be made direct to the clerk of the District Court. It is clear that the payment of money by a divorced husband directly to his ex-wife and in violation of the statutory and decree direction, is a "transaction" within the meaning of the dead man's statute, section 25-1202, R. S. Supp., 1972, and that a divorced husband is a person having a direct legal interest in the

result of proceedings to revive a judgment and to determine unpaid installments of child support vested in the plaintiff's decedent. Martin v. Scott, 12 Neb. 42, 10 N. W. 532; In re Estate of Holloway, 89 Neb. 403, 131 N. W. 606. See, also, Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689, 169 Neb. 23, 97 N. W. 2d 868. The oral testimony as to delivery of the money orders and the cash payments was incompetent and inadmissible. Consequently, the finding and judgment of credit due the defendant in the sum of $500 was in error and should be restored to the judgment on remand.

The basic contention of the plaintiff is the entry of a decree of the court sua sponte, providing for reimbursement and restitution to the Douglas County welfare department of the amounts that it had advanced or paid the plaintiff's decedent for the support of her children during the period of default of the defendant in making his child support payments. The record shows that the Douglas County welfare department at no time was made a party to these proceedings, nor are there any pleadings raising or asserting any issue with reference to the liability or reimbursement to the welfare department. The record affirmatively indicates that the Douglas County welfare department was notified by the court of these proceedings, but failed to respond in any nature whatsoever by way of pleadings, attempt to join in the action, or the assertion of any rights of restitution or reimbursement. We know of no statutes or court decisions that require or authorize such a judgment or order. It is elementary that a judgment must be supported by the pleadings. The pleadings here raise no issues except in the determination of the amounts due under the decree of divorce for child support.

The determinations we have made herein make it unnecessary to discuss or decide the other assignments of error or discussion of possible issues raised in the plaintiff's brief.

The judgment of the District Court is reversed and the cause remanded with directions to enter a decree in conformity with the opinion herein.

REVERSED AND REMANDED WITH DIRECTIONS.