CHERYL SWARTZ, APPELLANT, V. DOUGLAS PETERSON, APPELLEE, UNION INSURANCE COMPANY, INTERVENER-APPELLEE.

256 N. W. 2d 681

Filed August 10, 1977. No. 41083.

Nelson, Harding, Marchetti, Leonard & Tate, Kenneth Cobb, and Robert D. Kinsey, Jr., for appellant.

Healey, Healey, Brown, Wieland & Glynn, for appellee.

Barlow, Johnson, De Mars & Flodman, for intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is an action for damages allegedly suffered by plaintiff as the result of an automobile accident in Grand Island, Nebraska, on March 4, 1973. Plaintiff alleged that defendant, Douglas Peterson, was negligent in the following particulars: He failed to maintain a proper lookout; he failed to maintain a reasonable control of the vehicle he was operating; he was operating said vehicle at a rate of speed which was greater than was reasonable and prudent for the conditions then existing; and he failed to yield the right-of-way to the vehicle in which plaintiff was a passenger.

In his answer, defendant denied that he was negligent and that plaintiff was disabled as a result of the collision he and plaintiff were involved in, and further alleged that the proximate cause of the collision

was the negligent acts of Robert Mattke, driver of the vehicle in which plaintiff was a passenger.

The case was tried to a jury and a verdict returned in favor of the defendant. Plaintiff filed a motion for a new trial which was overruled and she now appeals. We affirm the judgment of the District Court.

Plaintiff raises two primary contentions on appeal. The first relates to the factor of insurance present in the case. Union Insurance Company filed a petition in intervention. It alleged that plaintiff was riding in an automobile owned by the Grand Island Finance Company at the time of the accident, and that at the time of the accident there was in full force and effect a policy of liability insurance issued by the intervener to the Grand Island Finance Company describing the automobile plaintiff was riding in. As a part of the policy of liability insurance was an endorsement providing for family protection coverage for damages for bodily injury caused by uninsured automobiles. Intervener alleged that it may have some interest in the outcome of the action as between plaintiff and defendant because of the question of uninsured motorist coverage.

During voir dire examination the interest of intervener was disclosed to the jury, as well as the fact that defendant was an uninsured motorist at the time of the accident. Plaintiff moved to disclose the interest of her uninsured motorist carrier in the suit. This motion was denied. Plaintiff contends that this was error, arguing that once the court permitted disclosure of the interest of one insurance company in the proceeding it should have disclosed the interests of all insurance companies.

Where the fact of insurance is relevant to some issue in a case, it cannot be properly excluded, but where not relevant to any issue, evidence of the existence of insurance coverage is inadmissible. Fielding v. Publix Cars, Inc. 130 Neb. 576, 265 N. W.

726 (1936). The fact of insurance is irrelevant to the question of negligence. Muller v. Nebraska Methodist Hospital, 160 Neb. 279, 70 N. W. 2d 86 (1955).

There was no error by the District Court in overruling the plaintiff's motion to disclose her insurance interests. Plaintiff's uninsured motorist carrier never became a party to the action. There is nothing in the record to indicate it was involved in any way in the trial. Nor is there any evidence to indicate that plaintiff was prejudiced by the denial of her motion.

Plaintiff's next assignment of error concerns the giving of instruction No. 10, on sudden emergency, to the jury by the District Court. Plaintiff contends that the instruction was not supported by the pleadings or by the evidence.

A litigant is entitled to have the jury instructed only upon those theories of the case which are presented by the pleadings and which are supported by competent evidence. Schmidt v. Johnson, 184 Neb. 643, 171 N. W. 2d 64 (1969); Vistron Corp. v. Scoular-Bishop Grain Co., 194 Neb. 696, 234 N. W. 2d 906 (1975). A judgment must be supported by the pleadings. Harrison v. Grizzard, 192 Neb. 243, 219 N. W. 2d 766 (1974).

In response to the allegations of plaintiff's petition, defendant denied that he was negligent and alleged that the proximate cause of the accident was the negligent acts of Robert Mattke in that he failed to maintain a proper lookout; he failed to maintain reasonable control of the vehicle he was driving; he was operating said vehicle at a rate of speed which was greater than was reasonable and prudent for the conditions then existing; and he failed to yield the right-of-way to the vehicle operated by defendant.

It is argued on behalf of defendant, in response to plaintiff's contention that defendant failed to raise the issue of sudden emergency by his pleadings, that defendant's amended answer, which contained a

general denial of negligence and an allegation that the proximate cause of the accident was the negligent acts of another, was sufficient to raise the issue and justify an instruction to the jury on sudden emergency, in light of the evidence adduced at trial.

It is not necessary for us to determine whether defendant's amended answer was sufficient to justify an instruction on sudden emergency. The record indicates that after trial, and the jury verdict in favor of the defendant, the trial court permitted both the defendant and the intervener to amend their pleadings to specifically raise the issue of sudden emergency, pursuant to section 25-852, R. R. S. 1943.

The trial court has discretion to permit or deny amendments of pleadings on motion to conform to the evidence at the close of all evidence. State Securities Co. v. Corkle, 191 Neb. 578, 216 N. W. 2d 879 (1974). Amendments to pleadings may be allowed at any stage, even after all evidence is presented. Swan v. Bowker, 135 Neb. 405, 281 N. W. 891 (1938).

The trial court's decision to permit the amendments to defendant's and intervener's pleadings to include sudden emergency is not assigned as error by plaintiff. The amended pleadings clearly raised the issue of sudden emergency, and plaintiff's contention that the submission of instruction No. 10 was not supported by the pleadings must fail.

Even had plaintiff challenged the action of the District Court in permitting the amendments to the pleadings to include sudden emergency, we do not believe that this was an abuse of discretion by the District Court, or that plaintiff was prejudiced thereby or put at a disadvantage. Both sides were represented by competent counsel. This case arose out of a commonplace two-vehicle collision. The evidence available in this case was fully developed, with every possibility examined and explored. All the evidence available was placed before the jury.

Plaintiff also contends that the instruction on sud-

den emergency was not supported by the evidence at trial. In Watson Bros. Transp. Co. v. Jacobson, 168 Neb. 862, 97 N. W. 2d 521 (1959), we thus explained the doctrine of sudden emergency: " 'In the realm of negligence cases, an emergency has become the basis for a rule of law which is dependent for application upon two factual elements. This court has held that: "Where one driving an automobile is suddenly confronted by an emergency, requiring instant decision, he is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong." * * *' Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491. 'The emergency rule cannot be successfully invoked by either party in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it.' Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112."

In Kraft v. Fundum, 175 Neb. 821, 124 N. W. 2d 225 (1963), we stated: " 'The "sudden emergency rule" applies only where the evidence discloses that one became aware of an emergency and was put to a rapid choice of alternative courses of action in order to avoid accident and the jury, in the state of the evidence and in light of subsequent events, might reach the conclusion that the course of action adopted was an unwise one, in which event an instruction defining the right of one confronted by such an emergency is required.' " See, also, Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758 (1957); Stanley v. Ebmeier, 166 Neb. 716, 90 N. W. 2d 290 (1958); Ripp v. Riesland, 170 Neb. 631, 104 N. W. 2d 246 (1960); Vacanti v. Montes, 180 Neb. 232, 142 N. W. 2d 318 (1966).

The record contains the following facts: The accident occurred shortly after midnight on March 4, 1973. The car in which plaintiff was riding was lo-

cated at the parking lot entrance of the Red Baron Lounge, located on the east edge of South Locust Street, Grand Island, Nebraska. Plaintiff, her husband, and another couple had spent a social evening at the Red Baron. It was raining lightly at the time. Mr. Mattke, driver of the vehicle in which plaintiff rode, observed the streets to be wet. Mr. Mattke testified that he intended to drive across South Locust Street, a four-lane street running north and south, and proceed to the Stagecoach Road, a street running east and west and located directly west of the Red Baron parking lot entrance. The accident occurred as Mattke's vehicle crossed South Locust Street. Mr. Mattke's vehicle was struck in the right rear portion by defendant's car.

Defendant Peterson testified that he was traveling south on South Locust Street the night of the accident. He had switched from the right lane to the left lane for southbound traffic approximately 3 blocks from where the accident occurred. He testified that he was traveling approximately 35 miles per hour. Peterson testified that he noticed Mattke's vehicle waiting at the side of the road. Anticipating no danger from the Mattke vehicle, he proceeded to check the rest of the traffic. He then became aware of movement over to his left, out of the corner of his eye. He then noticed the Mattke vehicle attempting to cross in front of him. He stated that he felt there would be a collision and applied his brakes in an attempt to avoid a collision. He testified that there was no time to swerve his car, honk his horn, or flash his headlights.

There was sufficient evidence for the jury to have concluded that defendant was confronted with a sudden emergency, not of his own making. Plaintiff's contention is without merit.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.