## J. PHILLIP MAHONEY, APPELLANT, V. ALVAN MAY, APPELLEE.

297 N.W.2d 157

Filed October 3, 1980. No. 42783.

Douglas L. Curry of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon for appellant.

John B. McCauley of Law Offices of Kenneth Cobb, P.C., for appellee.

Heard before McCOWN and WHITE, JJ., and COLWELL, KORTUM, and GRANT, District Judges.

KORTUM, District Judge.

This is an action for money judgment by the plaintiff, J. Phillip Mahoney, against the defendant, Alvan May, for loss of profit on an agreement for sale of real estate.

The jury returned a verdict for the defendant and the plaintiff appeals. We affirm the judgment of the District Court.

Prior to the spring of 1977, May owned an 80-acre parcel of land called Tract II. In March of 1976, May had discussions with a real estate agent, Larry Majewski, about the possibility of a trade of Tract II. Nothing resulted from this discussion.

Approximately a year later, May contacted Majewski. May wanted Majewski to find someone who would buy Tract I, a 157-acre tract owned by the Hornby estate, and exchange it with May for Tract II.

On April 6, 1977, May and Mahoney entered into the following agreement:

## "AGREEMENT

"This agreement made between Alvan May and J. Phillip Mahoney on this 6th day of April 1977, for the purpose of exchanging parcels of land.

"Whereas, Alvan May has a parcel of 157 acres purchased known as the SE ¼ of Section 16, Township 10 North, Range 8 East of the 6th P.M., Lancaster County, Nebraska, Tract I and Whereas Alvan May owns the 80 acres known as the W ½ of the SW ¼ of Section 8, Township 8 Range 8, Lancaster County, Nebraska Tract II. And where Alvan May wishes to exchange the properties with J. Phillip Mahoney. J. Phillip Mahoney will purchase Tract I and exchange for Tract II.

"Tract I purchase price is $188,000.00 with $54,520.00 down payment and the balance over 5 years at 7 ½% interest. J. Phillip Mahoney agrees to pay the balance of $17,480.00 plus interest at 7 ½% on the 1st payment due on Tract I.

"This transaction is contingent upon adequate quality and quantity water availability. A test well to be drilled by April 12, 1977 on Tract II, or this agreement is null and void."

On April 13, 1977, the Hornby estate refused to sell Tract I to Mahoney. On April 14, 1977, a buyer accepted an offer by Mahoney to sell Tract II. May refused to sell Tract II to Mahoney since Mahoney had failed to obtain Tract I to complete the trade of land. Mahoney then brought suit for his loss of profit in his proposed sale of Tract II.

Plaintiff first assigns as error the action of the trial court allowing the defendant to file a second amended answer and allowing further amendment of his answer by interlineation during the course of the trial.

Neb. Rev. Stat. § 25-852 (Reissue 1979) provides, in substance, that the court may, in furtherance of justice, amend any pleading, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.

The decision to allow or deny a proposed amendment to the pleadings rests in the sound discretion of the trial court. *Greenberg v. Bishop Clarkson Memorial Hospital*, 201 Neb. 215, 266 N.W.2d 902 (1978); *Swartz v. Peterson*, 199 Neb. 171, 256 N.W.2d 681 (1977).

The amendments allowed by the trial court both related to the defense that the contract was subject to a condition precedent, this condition being the purchase by Mahoney of Tract I to enable the tax-free trade of Tracts I and II between the parties. This specific defense was first raised by the defendant in his original answer. We do not believe that the plaintiff was put at a disadvantage or prejudiced or that the trial court abused its discretion in allowing such amendments.

Plaintiff further assigns as error certain instructions given by the trial court, specifically Nos. 4(a) and 14.

Instruction No. 4(a) dealt with the defense raised by the defendant of the condition precedent claimed to exist in the contract. No objection was made at the time of submission of this instruction by the trial court, although the record clearly indicates the plaintiff was afforded the opportunity to do so.

Instruction No. 14 also deals with conditions precedent. It is as follows:

"You are instructed that in negotiating a contract the parties may impose any condition precedent, a performance of which condition is essential before the parties become bound by the agreement. A promise, or

the making of a contract, may be conditioned upon the act or will of a third person.

"On the other hand, one    make a contract which cannot be performed without the consent or cooperation of a third party, and such factor does not relieve the party of liability because of his inability of receiving the required cooperation of a third person. However, if the securing of the act of a third person is a condition precedent to the entire contract then the performance of the condition is essential to the enforcement of the contract." Again, the plaintiff made no objection to instruction No. 14 at the time of submission by the trial court.

Ordinarily, the failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection on appeal. *National Bank of Commerce Trust & Sav. Assn. v. Katleman,* 201 Neb. 165, 266 N.W.2d 736 (1978).

However, in reviewing instruction Nos. 4(a) and 14, we find no plain error or probable miscarriage of justice. Plaintiff complains of the omission of the word "may" in the first line of the second paragraph of instruction No. 14. It is apparent that the word "may" should have been between the words "one" and "make" and had been crossed out by the trial court prior to giving the instruction.

In *Greenberg v. Bishop Clarkson Memorial Hospital, supra,* this court discussed grammatical errors in instructions and held that an inadvertent grammatical error in an instruction is harmless error if it is clear from the instruction itself and the other instructions given that the jury was not confused or misled by the error.

Instruction No. 14 was reasonably clear and the grammatical error was harmless and not prejudicial.

There is ample evidence in the record to support the contention of the defendant that the obtaining of Tract I by Mahoney was a condition precedent, and the trial court properly instructed the jury on this issue by the giving of instruction Nos. 4(a) and 14.

Plaintiff further contends that the trial court erred in giving instruction No. 13 to the jury. The basis for the objection by plaintiff's counsel was that the instruction was irrelevant and immaterial to the issues before the court. The alleged error was not raised or referred to in the motion for new trial. It is the rule that alleged errors of the trial court in an action at law, not referred to in a motion for new trial, will not be considered in this court on appeal. *Torstenson v. Melcher*, 195 Neb. 764, 241 N.W.2d 103 (1976). Additionally, we find no probable miscarriage of justice or plain error in the giving of instruction No. 13 by the trial court which would necessitate a new trial.

Plaintiff's final assignment of error concerns the failure of the trial court to enter a directed verdict for the plaintiff notwithstanding the verdict of the jury. This contention relates itself to the issue of the admissibility of parol evidence to explain the agreement between the parties. A written instrument is open to explanation by parol evidence where its terms are susceptible of two constructions or where the language employed is vague or ambiguous. *Ely Constr. Co. v. S & S Corp.*, 184 Neb. 59, 165 N.W.2d 562 (1969). Parol evidence is generally admissible where it is offered for the purpose of explaining and showing the true nature of the transaction between the parties. *Ranchland Auto, Inc. v. Cleveland*, 188 Neb. 804, 199 N.W.2d 702 (1972). The contract in this case, on its face, is ambiguous as it relates to the ownership of Tract I.

It is clear from the record that May never intended to sell Tract II to Mahoney unless Mahoney first obtained Tract I, and the parties would then exchange the tracts for tax purposes. It is also clear that Mahoney understood and agreed to this arrangement.

We find no error in the record. The judgment of the trial court is correct and is affirmed.

AFFIRMED.