WEST TOWN HOMEOWNERS ASSOCIATION, INC., A NEBRASKA CORPORATION, APPELLEE, V. MICHAEL D. SCHNEIDER, APPELLANT.

341 N.W.2d 588

Filed December 16, 1983. No. 82-724.

David W. Jorgensen of Nye, Hervert, Jorgensen & Waton, P.C., for appellant.

Patrick J. Nelson of Jacobsen, Orr & Nelson, for appellee.

BOSLAUGH, WHITE, and GRANT, JJ., and NORTON, D.J., and COLWELL, D.J., Retired.

NORTON, D.J.

West Town Homeowners Association, Inc., brought this action in the county court of Buffalo County, Nebraska, to recover assessments alleged due from the defendant, Michael D. Schneider, a member of the association. Trial was to the court, and plaintiff was granted judgment for $903.33, together with interest, costs, and an attorney fee of $800. Upon appeal to the District Court of Buffalo County, Nebraska, the judgment was affirmed. We affirm in part and reverse in part.

West Town Homeowners Association, Inc., is a nonprofit corporation located in Buffalo County, Nebraska, and incorporated under the provisions of Neb. Rev. Stat. §§ 76-801 through 76-824 (Reissue

1981), which is an act known as the Condominium Property Act. Michael D. Schneider is an owner of real property located within the area comprising the boundaries of the association. This is the third lawsuit between these parties, involving several of the same issues. No appeal was perfected from the judgment of the trial court in the first two cases.

At the conclusion of the evidence the plaintiff was permitted to amend its petition by interlineation to conform to certain evidence, and it appears that the amendments requested were in fact completed. These amendments had the effect of increasing the amount of the prayer from $263.33 to $937.35.

The defendant raises six assignments of error. In response thereto the plaintiff objects to the first three on the defense of res judicata. It appears from the record that this defense was raised in the trial court by proper pleading as required. See, *Burke v. Munger*, 138 Neb. 74, 292 N.W. 53 (1940); *In re Estate of Schuette*, 138 Neb. 568, 293 N.W. 421 (1940). The evidence offered in support of this defense consisted of complete transcripts of the two former trials, including the judgment of the trial court in each instance. The first three assignments of error were fully litigated in the previous trials and a decision rendered thereon by the trial court. This court has previously stated the rule applicable in the following language: "Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered . . . cannot again be litigated between the parties and privies, whether the claim or demand, purpose, or subject matter of the two suits is the same or not." (Syllabus of the court.) *Brommer v. City of Hastings*, 212 Neb. 367, 322 N.W.2d 787 (1982). The first three assignments of error are without merit and will not be discussed further in this opinion.

The remaining three assignments of error are:

(1) Whether the trial court abused its discretion in permitting the plaintiff to amend its petition at the time of trial; (2) Whether or not the plaintiff complied with the requirements of the declaration in assessing and increasing the annual assessment; and (3) Whether or not there was an error in the assessment of attorney fees.

The right to amend pleadings is statutory in nature and well recognized in Nebraska. See Neb. Rev. Stat. § 25-852 (Reissue 1979). This right is limited to some degree by that statute, and the limitations have been subject to much litigation in the past. Recently, this court restated the rule applicable in this situation as follows: "Under § 25-852, a pleading may be amended in the furtherance of justice, to conform to the proof, if the proposed amendment does not change substantially the claim or defense." *Meyer v. Sandhills Beef, Inc.*, 211 Neb. 388, 396, 318 N.W.2d 863, 867 (1982). In *Mahoney v. May*, 207 Neb. 187, 189, 297 N.W.2d 157, 159 (1980), the court also stated: "The decision to allow or deny a proposed amendment to the pleadings rests in the sound discretion of the trial court."

The amendments of which the defendant complains relate directly to the amount of the annual assessment, which is charged against the account of each member at the rate of one-twelfth of the total each month. The amendments were requested principally because of the passage of time between the date of the filing of the petition and the trial date. The amount added to the original request of the prayer logically belongs in this action, and such addition does not substantially change the nature of the claim or the defense. We cannot say that the trial court abused its discretion in this instance, and therefore find no merit in this assignment of error.

The second assignment of error deals with the manner in which the annual assessment of the membership was fixed. Specifically, the defendant complains that the requirements of a certain document,

known as a declaration, were not followed in changing the annual assessment from $35 for the preceding year to $960 effective September 1, 1981. To determine if the trial court erred in its judgment on this question, it is necessary to review the evidence offered and received at the time of trial. This includes the declaration, an instrument of record which is in fact a written statement of the rights, duties, and obligations that exist between the association and its members. Article IV, § 6, of this instrument provides in part: "The Board of Directors shall fix the amount of the annual assessment against each lot at least thirty (30) days in advance of each annual assessment period. Written notice of the annual assessment shall be sent to every owner subject thereto." The section does not describe the form of the notice or when it is to be sent, nor does this information appear elsewhere in the declaration. Part (a) of § 3 of said article provides that from and after January 1 of the year immediately following the conveyance of the first lot to an owner, the annual assessment may be increased above the maximum assessment for the previous year "not more than 7% . . . without a vote of the membership." Part (b) of this section permits the maximum annual assessment to be increased above the 7 percent "by a vote of two-thirds (⅔) of each class of members who are voting in person or by proxy, at a meeting duly called for this purpose." Article III, § 2, purports to establish two classes of memberships, but by the very terms of this article all members were merged into one class no later than December 31, 1979. The present action was filed November 12, 1981, and deals exclusively with matters arising after the year 1979. Section 4 of article IV states that "assessments shall be approved and ratified by the Directors at the annual meeting prior to any other business to be undertaken at said annual meeting."

It appears that a meeting of the board of directors

of the plaintiff association was held on July 9, 1981. At this meeting the board adopted an annual budget for the fiscal year beginning September 1, 1981, and thereafter fixed the annual assessment at $960 per lot per year, payable monthly beginning September 1, 1981. The motion raising the assessment was offered and adopted with the knowledge that inasmuch as this exceeded the maximum 7-percent increase over the preceding year, the action of the board would have to be submitted to the membership of the association for their approval.

The Condominium Property Act, referred to above, requires associations incorporated thereunder to adopt bylaws. There is in evidence in this case a copy of the bylaws adopted by this association. Section I of article II of these bylaws provides that the annual meeting of the members of the association be held on the fourth Tuesday in the month of July of each year. A meeting of the membership of the plaintiff association was held on July 28, 1981, the fourth Tuesday of July in that year. At this meeting action was taken to approve a raise in the annual assessment to $960 per lot per year. However, subsequent to this meeting it was discovered that a quorum had not attended. In consequence thereof, on August 18, 1981, the board of directors held a special meeting and adopted a resolution calling for a special meeting of the membership of the association on August 31, 1981. Notice of this special meeting was given to each known member of the association, including the defendant, at his or her last known address. Evidence indicates that the notice was posted more than 10 days prior to the meeting, pursuant to a requirement of the bylaws that notice of meetings be given not less than 10 days nor more than 30 days before the meeting. On August 31, 1981, the membership met immediately following a special meeting of the board of directors. At the meeting of the board a resolution had been adopted to raise the annual dues to $960 per year be-

ginning September 1, 1981, payable in monthly installments. At the membership meeting a motion was made and seconded calling for the ratification and approval of the action of the board in raising the annual dues to $960 per year beginning September 1, 1981. This was adopted by unanimous vote. Sometime later the defendant was billed in writing for his account.

From this and other evidence the trial court reached its conclusions and entered judgment in favor of the plaintiff in the amount of $903.33. In our examination of the evidence it does not appear that the trial court was clearly wrong in its judgment on this fact question. "A judgment on a fact issue tried to the court alone has the effect of a verdict of a jury and will not be set aside unless clearly wrong." (Syllabus of the court.) *MFA Ins. Companies v. Mendenhall*, 205 Neb. 430, 288 N.W.2d 270 (1980). We therefore conclude that this assignment of error has no merit.

The remaining assignment of error deals with the matter of the attorney fees allowed by the trial court. In connection therewith, there appears the following discourse between the trial court and counsel for the plaintiff, on page 48 of the bill of exceptions from that court, to wit: "THE COURT: Are you relying upon the statutory attorney's fees for your allegations of attorney's fees? MR. NELSON: No. The attorney's fees, Your Honor, are pursuant to the declaration itself."

The law in this state with respect to the allowance of attorney fees is well settled. In *Borden v. General Insurance Co.*, 157 Neb. 98, 59 N.W.2d 141 (1953), the rule was stated as follows: "A litigant may not have an allowance of an attorney fee by the court unless it is authorized by statute or a uniform course of procedure." (Syllabus of the court.) In this instance the plaintiff urges that it is entitled to an attorney fee by reason of the provisions of the declaration, undoubtedly on the theory that the defend-

ant has consented to an award. However, a close reading of the applicable portions of this instrument does not clearly establish the right of the plaintiff to collect attorney fees in actions brought against members for the sole purpose of enforcing delinquent assessments. In absence thereof, the award is in error, and that part of the judgment of the trial court must be reversed.

AFFIRMED IN PART, AND IN PART REVERSED.